611 So.2d 600 (1993)
John Henry Joseph THOMAS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 92-03418.
District Court of Appeal of Florida, Second District.
January 6, 1993.
*601 ALTENBERND, Judge.
John Henry Joseph Thomas, Jr., appeals the order that partially denied his motion for jail time credit. We reverse and remand for further proceedings.
This defendant filed his "motion to allow credit for jail time" alleging that he had been incarcerated on these charges since August 19, 1988. He claims that he was initially held in the Pasco County Jail, and that he was thereafter transferred to the Hillsborough County Jail for sentencing on other charges that were pending in that county. He understood that he was to be returned to Pasco County immediately following his sentencing in Hillsborough County. Instead, he was sent to a Department of Corrections facility in October 1988. He was not returned to Pasco County on these pending charges until May 20, 1991. He requested jail credit from July 27, 1988, until May 20, 1991.[1]
The trial court entered an order on Mr. Thomas's motion explaining that the warrant for his arrest in this case was issued on December 20, 1988, when he was already in DOC custody. A detainer was not placed on the defendant for the Pasco County charges until April 11, 1990. He was formally arrested on these charges on May 16, 1991, and sentenced on May 20, 1991. In the initial sentence, the trial court had given Mr. Thomas only 4 days' jail credit, i.e., May 16 to May 20. In the appealed order, the trial court amended the sentence and granted jail credit from the issuance of the detainer. Thus, the jail credit was increased to 405 days. The defendant appeals, seeking additional credit for the period between July 27, 1988, and April 11, 1990.

I.
We note that the defendant's unsworn motion recites that it is filed pursuant to section 921.161(1), Florida Statutes (1991). It does not indicate whether it is filed pursuant to Florida Rule of Criminal Procedure 3.800(a) or 3.850. The case law reflects some ambiguity as to which rule of criminal procedure should be employed to file a motion for jail credit. See Martin v. State, 525 So.2d 901 (Fla. 5th DCA 1988); Sanders v. State, 579 So.2d 326 (Fla. 5th DCA 1991); Morgan v. State, 557 So.2d 605 (Fla. 1st DCA 1990). The Fifth District has expressly recognized that either motion may be appropriate. See Sanders. Depending on the circumstances, this court has also resolved jail credit issues under either rule. McWilliams v. State, 469 So.2d 229 (Fla. 2d DCA 1985) (using rule 3.850); Jolly v. State, 604 So.2d 577 (Fla. 2d DCA 1992) (using rule 3.800). An explanation seems in order.
If the defendant maintains that the issue of jail credit is a matter that can be determined by the trial court from its records without an extensive evidentiary hearing, we agree that rule 3.800 provides an appropriate procedure. See Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991). For example, this would be true in the typical case in which a miscalculation has occurred.
On the other hand, if the defendant is requesting additional jail credit due to factual matters not ascertainable from the trial court's records, the defendant should file a sworn motion pursuant to rule 3.850 with sufficient allegations to warrant an evidentiary hearing. The defendant should not expect the trial court or the state to conduct an investigation and to call various prison and jail officials to respond to an unsworn motion alleging that the true facts concerning jail credit are not those which appear in the court's records. In *602 this case, we treat the unsworn motion as a motion filed pursuant to rule 3.800(a).

II.
The trial court's order does not attach any documents to support the explanation contained in its order. The only document in our record is one page of the amended sentence. If the documents from the court file support the trial court's explanation, its ruling would appear to be correct. See Ali v. State, 476 So.2d 308 (Fla. 2d DCA 1985). The defendant has not alleged under oath any circumstance which would require the trial court to give him jail credit for the period preceding the detainer.
Accordingly, we reverse the trial court's order and remand for further proceedings. If the trial court again denies the request for additional jail credit, it must attach portions of the record that refute the defendant's allegations. If the court should again deny appellant's motion, he has thirty days in which to appeal.
Reversed and remanded.
CAMPBELL, A.C.J., and BLUE, J., concur.
NOTES
[1] Our record is very limited. It is not obvious why the defendant wanted credit from July 27, 1988 instead of August 19, 1988.