637 So.2d 958 (1994)
Gary A. HANDFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01622.
District Court of Appeal of Florida, Second District.
June 1, 1994.
PER CURIAM.
Gary Handford appeals the denial of his motion to allow credit for time served in jail. He cites both Florida Rule of Criminal Procedure 3.800(a) and section 921.161(1), Florida Statutes (1993). We reverse.
The appellant claims he is entitled to 185 days' credit for time spent in jail awaiting sentencing. The trial court denied his motion based on its review of the court files before it, without identifying the documentation refuting the claim or attaching any portions of the file to its order. Consequently, the award of 119 days' credit remains unchanged.
In denying the order, the trial court acknowledged that the issue of jail credit could be determined from its records without an evidentiary hearing. See Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993) (rule 3.800(a) is proper vehicle to contest jail credit issue involving miscalculation ascertainable from trial court's records). As recognized in Thomas v. State, 634 So.2d 175 (Fla. 1st DCA 1994), however, this court has subscribed to an attachment requirement on the part of the trial court with respect to jail credit issues raised pursuant to rule 3.800(a).
Accordingly, we reverse the trial court's order. On remand, if the court again denies relief, it must attach portions of its records which refute the appellant's allegations. If the appellant is aggrieved by any subsequent action of the trial court, he must file a timely notice of appeal to obtain further appellate review.
Reversed and remanded.
PARKER, A.C.J., and PATTERSON and LAZZARA, JJ., concur.