PER CURIAM.
Richard L. Vowell appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Crirni-nal Procedure 3.800(a). Mr. Vowell claims he should receive 1076 days’ credit for the time he spent in jail prior to sentencing in circuit court case numbers 91-3822 and 91-4058. His claim is based on Tripp v. State, 622 So.2d 941 (Fla.1993). See also Cook v. State, 645 So.2d 436 (Fla.1994). The trial court denied Mr. Vowell’s motion as successive.
Depending on the circumstances, a motion seeking credit for prior incarceration may be filed either under rule 3.800(a) or 3.850(b). Thomas v. State, 611 So.2d 600 (Fla.2d DCA 1993). Rule 3.800 does not contain a provision comparable to rule 3.850(f) barring successive motions, and a truly illegal sentence can be corrected at any time. Nevertheless, under some circumstances, a repetitive rule 3.800(a) motion may be proeedurally barred. In this case, we are unable to confirm that the motion is proeedurally barred because the trial court failed to attach to its order portions of the record to establish this fact. Accordingly, we reverse the trial court’s order. On remand, if the court again denies relief, it must attach portions of its records that refute the appellant’s allegations. See Summerall v. State, 637 So.2d 370 (Fla.2d DCA 1994).
Reversed and remanded.
PARKER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.