PER CURIAM.
Appellant, a prisoner proceeding pro se, appeals the order denying his rule 3.800(a) motion without a hearing but with attachment of record excerpts. He claims — and we agree — that the trial court erred in calculating his credit for jail time served. Accordingly we reverse and remand.
In its response to this court’s show cause order, the state concedes that the trial court erred in calculating appellant’s credit for time served, but argues that he is entitled to only ten days additional credit, not the seventy-four days he claims.
Appellant was arrested and placed in the Martin County Jail on March 20, 1992, on new charges filed in Martin County and on a capias that had been issued in the Broward County case in which the appealed order was entered. The arrest affidavit attached to the motion clearly shows that he was arrested and held for both cases.
Appellant claims that he is entitled to credit for the entire 130-day period between his arrest and the sentencing in the Broward County Case. The sentencing documents attached to the order under review indicate that he was awarded only fifty-six days for time served in this case. They further indicate that his sentence in this case was made to run concurrently with any other sentence presently being served, which would include the sentence on the Martin County charges.
In its response to the show cause order, the state explains that the appellant was transferred to the Broward County Jail once he was sentenced on the Martin County charges. According to the state, he was credited for the time served in the Martin County Jail only against his Martin County case. He received credit against his current sentence for only the time that he served in the Broward County Jail.
Section 921.161(1), Florida Statutes (1993), requires that credit for the time spent in jail between the date of arrest and the date of sentencing be awarded against the sentence eventually imposed. The sentences on the two cases run concurrently. In that situation, the defendant must be given credit on both sentences. Daniels v. State, 491 So.2d 543 (Fla.1986). See also Henderson v. State, 651 So.2d 822 (Fla. 4th DCA 1995). Any other result would have the effect of depriving appellant of the credit that he is due under the statute.
GLICKSTEIN, WARNER and STEVENSON, JJ., concur.