684 So.2d 239 (1996)
Artis BERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1197.
District Court of Appeal of Florida, First District.
December 2, 1996.
Artis Berry, Pro Se, for Appellant.
No appearance for the State.
PER CURIAM.
The appellant challenges the trial court's denial of his Florida Rule of Criminal Procedure 3.800(a) motion for postconviction relief. In his motion he challenged his sentence upon revocation of probation because the trial court had failed to award him credit for *240 time he had previously served in jail and in prison. We affirm the denial of the appellant's motion because he did not allege that denial of the jail and prison credit caused him to be sentenced to a period in excess of the statutory maximum for his offense. See Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996). As did the court in Sullivan, we certify the following question to the Supreme Court of Florida:
DOES THE DEFINITION OF "AN ILLEGAL SENTENCE" IN DAVIS V. STATE, 661 So.2d 1193, 1196 (Fla.1995) AND STATE V. CALLAWAY, 658 So.2d 983, 988 (Fla.1995) APPLY TO MOTIONS FILED UNDER RULE 3.800 REQUESTING JAIL CREDIT SO THAT SUCH MOTIONS MAY NOT BE RAISED WHERE THE SENTENCE WOULD NOT EXCEED THE MAXIMUM SENTENCE ALLOWED BY LAW?
MINER, ALLEN and MICKLE, JJ., concur.