693 So.2d 618 (1997)
Gary L. SWYCK, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04736.
District Court of Appeal of Florida, Second District.
March 26, 1997.
PER CURIAM.
Gary L. Swyck challenges the trial court's denial of his motion to correct sentence filed *619 pursuant to Florida Rule of Criminal Procedure 3.800. We reverse because the trial court failed to address and refute his claim that he was not properly credited with time spent in jail prior to the imposition of his sentence.
In 1981 Swyck was sentenced to prison to be followed by probation on a separate case. During this later period of supervision, he violated his probation and was again sentenced to prison. He claimed in his motion an entitlement to credit for the earlier time served in prison relying on Tripp v. State, 622 So.2d 941 (Fla.1993). As the imposition of his first sentence predated the sentencing guidelines which were effective on October 1, 1983, the dangers in sentencing which Tripp eliminated did not inhere in his circumstances. As the prison sentence in the second case was not factored into any guideline calculation initially, Tripp does not apply. Slater v. State, 639 So.2d 80 (Fla. 2d DCA 1994). See also Duncan v. State, 686 So.2d 701 (Fla. 2d DCA 1996).
Swyck's second complaint is that he was not properly credited with twelve days spent in the county jail between his arrest for violation of probation and the sentence which followed. This court has consistently afforded relief to those complaining that the failure of the trial court to award credit for jail time served rendered their sentences illegal, and was hence subject to correction in a proceeding pursuant to Florida Rule of Criminal Procedure 3.800(a). This, however, is not the majority view in this state, and two district courts have certified this question to the Florida Supreme Court for consideration. Berry v. State, 684 So.2d 239 (Fla. 1st DCA 1996); Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996).[1]
We acknowledge conflict with the decisions of the First, Fourth, and Fifth District Courts of Appeal which adopt the view that Davis v. State, 661 So.2d 1193 (Fla.1995), prohibits relief from the denial of jail credit by means of a motion to correct an illegal sentence without regard to the impact that failure may have had in "creating" a sentence which exceeds the statutory maximum allowable sanction. In so doing we confirm the decisions of this court which have required trial courts to entertain motions seeking jail time credit brought pursuant to Florida Rule of Criminal Procedure 3.800(a). See, e.g., McDowell v. State, 684 So.2d 250 (Fla. 2d DCA 1996).
We reverse the order denying the motion because it fails to refute Swyck's assertion that the trial court neglected to award him twelve days' county jail credit prior to the imposition of the sentence he is currently serving. In so doing, we certify that this decision is in direct conflict with Berry, Sullivan, and Chaney v. State, 678 So.2d 880 (Fla. 5th DCA 1996).
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and PATTERSON and BLUE, JJ., concur.
NOTES
[1] The Fifth District is aligned with those courts which have certified the question to the Supreme Court of Florida. Chaney v. State, 678 So.2d 880 (Fla. 5th DCA 1996). The Third District continues to grant the requested relief as has this court. Gonzalez v. State, 678 So.2d 433 (Fla. 3d DCA 1996).