FRANK, Judge.
Joseph Mancino challenges the trial court’s order denying his motion for credit time filed pursuant to Florida Rule of Criminal Procedure 3.800. The trial court held that the motion is not cognizable under rule 3.800 and must be raised in a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We have consistently held that rule 3.800 is a proper vehicle for raising a credit time issue where jail credit can be determined from the court records. Swyck v. State, 1997 WL 133930, — So.2d - (Fla. 2d DCA March 26, 1997).[1] We, therefore, reverse and remand for the trial court to consider the merits of Mancino’s motion. We recognize that this is not the majority rule and we certify conflict with Berry v. State, 684 So.2d 239 (Fla. 1st DCA 1996); Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996); and Chaney v. State, 678 So.2d 880 (Fla. 5th DCA 1996).
Reversed and remanded.
CAMPBELL, A.C.J., and NORTHCUTT, J., concur.

. Where the defendant is seeking jail credit which due to factual matters is not ascertainable from the trial court records, he or she should file a sworn motion pursuant to Florida Rule of Criminal Procedure 3.850. Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993).