693 So.2d 695 (1997)
James T. STREET, Appellant,
v.
STATE of Florida, Appellee.
No. 96-05212.
District Court of Appeal of Florida, Second District.
May 14, 1997.
*696 PER CURIAM.
James Street appeals the denial of his motion to allow credit for time served in jail both before and after sentencing. He filed his motion pursuant to Florida Rule of Criminal Procedure 3.800(a) and cited sections 921.161(1) and (2), Florida Statutes (1989), as authority for the motion. We reverse.
Street alleges that he spent 196 days in jail from the date he was arrested for violation of probation through his arrival at the South Florida Reception Center for which he has not received credit. The trial court denied the motion stating that the case file shows that Street was in custody prior to sentencing for a total of 178 days and has been awarded credit for that time. The trial court failed to attach any portions of the record to its order.
"In appeals from summary denials regarding jail credit issues raised pursuant to Florida Rule of Criminal Procedure 3.800(a), this court requires the trial court to attach portions of the record which refute the appellant's allegations." Summerall v. State, 637 So.2d 370 (Fla. 2d DCA 1994).[1] Street's motion is facially sufficient because he alleges specific dates that he asserts he spent in jail for which he has not received proper credit. Because there are no attachments to the order to justify denial, the trial court's order cannot be upheld. See Becton v. State, 668 So.2d 1107, 1108 (Fla. 2d DCA 1996).
The Department of Corrections, not the trial court, has the responsibility of granting postsentencing jail time credit pursuant to section 921.161(2). Brown v. State, 427 So.2d 821, 822 (Fla. 2d DCA 1983). Therefore, the relief Street seeks regarding jail time spent after sentencing must be sought through administrative proceedings and not through a motion to correct illegal sentence filed in the trial court. Knight v. State, 681 So.2d 772, 773 (Fla. 2d DCA 1996). This case is remanded to the trial court to reconsider Street's claim regarding presentencing jail credit. If the trial court again denies the motion, it shall attach those documents that conclusively refute the jail credit *697 claim. Street must seek appellate review of that order within thirty days.
Reversed and remanded.
DANAHY, A.C.J., and FRANK and PARKER, JJ., concur.
NOTES
[1] This court acknowledges conflict with the decisions of the First, Fourth and Fifth District Courts of Appeal and follows its prior decisions requiring trial courts to entertain motions seeking jail time credit brought pursuant to Florida Rule of Criminal Procedure 3.800(a). Swyck v. State, 693 So.2d 618 (Fla. 2d DCA 1997). Rule 3.800 is an appropriate procedure when the defendant's allegations indicate that the issue of jail credit can be determined by the trial court from its records. Thomas v. State, 611 So.2d 600, 601 (Fla. 2d DCA 1993).