PER CURIAM.
Appellant seeks review of an order denying his motion requesting credit for jail time, purportedly filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We have previously held that a motion filed pursuant to rule 3.800(a) is not the appropriate vehicle by which to claim credit for jail or prison time previously served when there is no allegation *445 that the denial of such credit will cause the sentence to exceed the statutory maximum for the offense. Berry v. State, 684 So.2d 239 (Fla. 1st DCA 1996). We now reaffirm that holding. Because appellant’s motion was not properly sworn to, we are unable to treat it as if filed pursuant to rule 3.850. Sugar v. State, 655 So.2d 1271 (Fla. 1st DCA 1995). Accordingly, we affirm. However, as in Berry, we certify the following question as one of great public importance:
DOES THE DEFINITION OF AN “ILLEGAL SENTENCE” IN DAVIS V STATE, 661 So.2d 1193 (Fla.1995), AND STATE V. CALLAWAY, 658 So.2d 983 (Fla.1995), APPLY TO MOTIONS FILED PURSUANT TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(a) REQUESTING CREDIT FOR JAIL OR PRISON TIME, PRECLUDING CONSIDERATION OF SUCH MOTIONS PURSUANT TO THAT RULE WHEN THERE IS NO CLAIM THAT DENIAL OF CREDIT WILL RESULT IN A SENTENCE WHICH EXCEEDS THE STATUTORY MAXIMUM FOR THE OFFENSE?
AFFIRMED.
MINER, ALLEN and WEBSTER, JJ., concur.