705 So.2d 915 (1997)
Gary A. CHOJNOWSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02433.
District Court of Appeal of Florida, Second District.
November 19, 1997.
DANAHY, Judge.
On January 16, 1997, the appellant was sentenced to a term of imprisonment. On March 3, 1997, the appellant filed a pro se motion entitled "Motion to Allow Credit for Jail Time." In that motion the appellant alleged that he was entitled to jail time credit of 193 days, but was awarded only 150 days. He requested that his sentence be corrected to reflect the amount of jail time credit to which he claimed entitlement.
The trial court treated the appellant's motion as a motion filed under Florida Rule of Criminal Procedure 3.800(b) and denied the motion as untimely. We affirm for the reasons set forth below.
The 1996 Florida legislature enacted the "Criminal Appeal Reform Act of 1996," effective July 1, 1996. The Act amended portions of chapter 924, Florida Statutes (1995), which are reflected in chapter 924, Florida Statutes (Supp.1996). That chapter deals with appeals *916 and collateral review in criminal cases. The amendments place severe restrictions on a criminal defendant's opportunities for direct and collateral review of alleged errors at the trial court level.
Section 924.051(3) provides that a judgment or sentence may be reversed on appeal only when an appellate court determines that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error. Under section 924.051(1)(b) "preserved" means that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor. Section 924.051(5) provides that collateral relief is not available on grounds that were or could have been raised at trial and, if properly preserved, on direct appeal of the conviction and sentence.
In response to the Criminal Appeal Reform Act of 1996, the Florida Supreme Court substantially rewrote Florida Rule of Appellate Procedure 9.140 dealing with appeal proceedings in criminal cases. Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103 (Fla.1996). Previously, it had adopted amendments to Florida Rule of Criminal Procedure 3.800 and Florida Rule of Appellate Procedure 9.020(g), effective July 1, 1996. A new paragraph (b) was added to Florida Rule of Criminal Procedure 3.800 to provide that a defendant may file a motion to correct the sentence or order of probation within ten days after the rendition of the sentence. Florida Rule of Appellate Procedure 9.020(g) was amended to provide that a final order shall not be deemed rendered until the disposition of a motion to correct a sentence or order of probation. In the words of the court, "[t]he purpose of these amendments is to ensure that a defendant will have the opportunity to raise sentencing errors on appeal." Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374, 1375 (Fla.1996). Subsequently the court amended rule 3.800(b) further by increasing the time for filing a motion from ten days to thirty days. Also, Florida Rule of Appellate Procedure 9.020(g) was changed to 9.020(h).
Section 924.051(8) states:
It is the intent of the Legislature that all terms and conditions of direct appeal and collateral review be strictly enforced, including the application of procedural bars, to ensure that all claims of error are raised and resolved at the first opportunity. It is also the Legislature's intent that all procedural bars to direct appeal and collateral review be fully enforced by the courts of this state.
As a result of these legislative enactments and amendments to the rules, a criminal defendant has only one avenue for correction of a nonfundamental sentencing error after the entry of a judgment and sentence. That avenue is the filing of a motion under rule 3.800(b). Such a motion gives a criminal defendant the opportunity to preserve an alleged sentencing error so that it can be reviewed on direct appeal.
Thus, failure to file a timely motion under rule 3.800(b) forecloses direct or collateral review of an alleged sentencing error that is not fundamental. This is the conclusion reached by other district courts of appeal in cases involving direct appeals. See Hunter v. State, 700 So.2d 728 (Fla. 5th DCA 1997) (Harris, J., dissenting) (sentence to term greater than the balance of a true split sentence and exceeding a one-cell bump); Callins v. State, 698 So.2d 883 (Fla. 4th DCA 1997) (incorrect guidelines scoresheet; illegal habitualization); Neal v. State, 688 So.2d 392 (Fla. 1st DCA), review denied, 698 So.2d 543 (Fla.1997) (upward departure for which no reasons given); Middleton v. State, 689 So.2d 304 (Fla. 1st DCA 1997) (habitualization on two counts of possession of cocaine). In all of these cases, direct review of the alleged sentencing errors was denied because of failure to file a timely motion under rule 3.800(b).
The case before us requires the same result. The trial court summarily denied the appellant's motion for additional jail time credit because it was not timely filed under rule 3.800(b). The trial court's ruling was correct; the appellant is not entitled to direct *917 or collateral relief to remedy his alleged sentencing errors.
While we appreciate the concerns expressed by the concurrence if rule 3.800(b) is the only method to rectify an issue of jail time credit, we are convinced that the rules adopted by the legislature in section 924.051 require the conclusion that rule 3.800(b) must be used in order to preserve such errors for direct review. Furthermore, it is clear to us that collateral review is not available because sentencing errors may be raised on direct appeal by utilization of rule 3.800(b).
Affirmed.
PARKER, C.J., concurs.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, concurring specially.
Although this case involves only a few days of jail credit for one prisoner, it highlights a significant, time-consuming problem for the judiciary. The majority's solution warrants careful consideration, but Mr. Chojnowski did not file a motion pursuant to Florida Rule of Criminal Procedure 3.800(b). He expressly filed his motion pursuant to rule 3.800(a). I agree with the conclusion that the motion is facially deficient, and the order denying it should be affirmed, but not for the reasons explained in the majority's opinion.
Mr. Chojnowski was sentenced in January 1997, apparently on a violation of probation or community control. The judgment in the record is not properly completed, and neither his offense nor his plea is indicated. He received a 26-month sentence of incarceration, with 150 days' jail credit. He wants an additional 43 days of jail credit.
Mr. Chojnowski relied on rule 3.800(a) when he filed his motion. He filed a form pleading, commonly used by prisoners, alleging that he is entitled to jail credit for imprisonment periods between June 27, 1995, and June 28, 1995; between April 3, 1996, and June 4, 1996; between August 13, 1996, and August 20, 1996; and between October 10, 1996, and February 6, 1997. He did not allege that these periods can be established from the face of records available to the trial court.[1] Because he admits that he was sentenced on January 17, 1997, approximately half of the credit he seeks involves time apparently served in jail after his sentencing hearing.
Before a prisoner is entitled to relief pursuant to rule 3.800(a), he must maintain that he is entitled to jail credit based on information in his trial court record. See Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993). Because Mr. Chojnowski did not allege that his claim could be resolved on these records, I would require him to file a sworn motion pursuant to rule 3.850.
The trial court did not process this motion pursuant to rule 3.800(a). Instead, it treated the motion as filed under the 1997 version of rule 3.800(b), and declared it untimely. The trial court was correct that the amended rule 3.800(b) allows a motion to correct a sentencing error to be filed only within 30 days after the sentence has been rendered.
From reviewing many sentencing transcripts, it is clear to me that trial judges use several different procedures to determine jail credit at sentencing. Some court files contain a detailed log of jail credit and others have little or no information about time served in the local county jail. Time served in jails outside the county is rarely documented in the court file. At sentencing hearings, judges are often forced to make a quick "guesstimate" of jail credit with assistance from the defendant and counsel. The 150 days awarded in this case probably is such an approximation. When the trial court guesses low, invariably the defendant discovers this error while in prison and files a motion requesting relief.
At this time, there is no adequate statewide source of information to help the trial judge make this calculation, and there is no adequate review procedure for the prisoner. The issue is rarely preserved for review by *918 direct appeal. The majority is correct that, at least in theory, this issue can be raised by the defendant's attorney prior to appeal in a motion pursuant to the new rule 3.800(b). Unless the public defenders who handle cases at trial significantly modify their procedures, however, they will not discover these errors within the rule's 30-day period. If rule 3.800(b) is the only method to correct these errors, then trial courts will soon see a flood of motions alleging ineffective assistance of counsel for failing to investigate jail credit and to file a timely motion.
This court has consistently held that some jail credit issues may be addressed by a rule 3.800(a) motion. See Street v. State, 693 So.2d 695 (Fla. 2d DCA 1997); Swyck v. State, 693 So.2d 618 (Fla. 2d DCA 1997); review granted, No. 90,358, 699 So.2d 1376 (Fla. Sept. 5, 1997); Thomas, 611 So.2d 600. I continue to believe there are some errors involving jail credit that result in illegal sentences which can be resolved without a factual hearing based on the contents of the court file.[2] I acknowledge that many jail credit issues do not fall within the very narrow definition of "illegal sentence" employed by the supreme court when examining a sentencing guidelines departure in Davis v. State, 661 So.2d 1193 (Fla.1995). On the other hand, incorrect calculations on a sentencing guidelines scoresheet may be corrected pursuant to rule 3.800(a), even if those calculations do not cause the sentence to be "illegal" under the Davis definition. Thus, a prisoner who is erroneously sentenced to 48 months', rather than 44 months', imprisonment because of a facially apparent error on the scoresheet is entitled to relief under rule 3.800(a), even though the maximum legal sentence is 60 months. If a comparable mathematical error is made on the face of a prisoner's record in calculating jail credit, I think common fairness, if not due process, requires that the State concede its error and correct the sentence "at any time." See Richardson v. State, 698 So.2d 551 (Fla. 1st DCA 1997) (Allen, J., concurring in part and dissenting in part).
Nevertheless, rule 3.800(a) is far from an adequate tool to review most jail credit errors. Many, if not most, jail credit issues do not appear on the face of the record available to the trial court. Either the trial court does not have access to the jail records described by the prisoner or the prisoner is claiming a factual error in those records. There is no valid reason to allow such factual issues to be raised at any time in an unsworn motion.
Thus, rule 3.850 currently provides the best procedure for a prisoner to resolve jail credit issues because it allows for a sworn pleading and the orderly resolution of factual disputes relating to sentencing.[3] These motions, however, cannot be filed during the pendency of an appeal. At least in this district, with our public defender's backlog, unless the defendant chooses to forego his or her constitutional right to appeal, it will be difficult for the trial court to resolve a factual issue relating to jail credit before the prisoner fully serves any sentence that is less than 3 years' imprisonment.[4] Even if the trial *919 court manages to reach the issue in time, a delayed evidentiary hearing is a highly inefficient method to resolve jail credit problems.
I do not profess to be an expert on the best methods to record and calculate jail credit. I do know, however, that the Department of Corrections already calculates prison credit when a trial judge checks the box for prison credit on the written sentence. In this computer age, the legislature could authorize the Department to obtain statewide records for use in all cases. I believe the trial court should at least have the option of allowing the Department to calculate jail credit in complex cases. This certainly would be better than forcing trial judges to scribble calculations while reciting "thirty days hath September" at every sentencing hearing.
If it is not feasible for the legislature to delegate this task to the Department, then the supreme court should consider the creation of a specific rule of procedure to allow these matters to be processed in the trial courts and reviewed on appeal in a timely and efficient manner.
NOTES
[1] Although a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) need not be sworn, Mr. Chojnowski did file this motion under penalty of perjury. It could not be treated as a motion pursuant to rule 3.850 because it did not contain the information required in such a motion.
[2] At a minimum, any jail credit error in a sentence that causes the prisoner to serve more than the maximum legal sentence would seem to result in an illegal sentence. For example, if the offense is a third-degree felony and the defendant is sentenced to 5 years' imprisonment, a jail credit error of only 1 day would result in an illegal sentence. This example assumes that the prisoner does not have a longer personalized legal sentence determined by his or her scoresheet. See § 921.0014(2), Fla. Stat. (1995).
[3] As explained in the majority opinion, the Criminal Appeal Reform Act of 1996 attempts to limit collateral relief for issues that can be raised on direct appeal. The new rules of procedure provide a brief period in which the defendant can preserve many collateral issues for direct appeal by filing a motion in the thirty-day period at the end of the trial proceeding. This may effectively eliminate collateral review of many issues that previously were reviewable for at least a two-year period after conviction. To the extent that rule 3.850 is a procedural replacement for the constitutionally established writ of habeas corpus, I question the extent to which collateral relief may be limited without a constitutional amendment modifying article I, section 13 of the Florida Constitution and the various jurisdictional provisions in article V. See generally Note, Florida's Criminal Procedure Rule Number One, 17 U. Fla. L.Rev. 617 (1965) (discussing origin of rule 3.850 as replacement for habeas corpus); see also In re Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103 (Fla.1996).
[4] From our record, it does not appear that Mr. Chojnowski filed a direct appeal.