PER CURIAM.
Aaron Mizzell appeals the summary denial of his motion for jail credit.[1] In its order, the trial court disclosed that it had reviewed *607 its files and had been advised by the Manatee County Sheriffs Office that that office had assessed the merits of Mizzell’s motion. The trial court concluded that Mizzell had been granted all the relief to which he was entitled. The trial court, however, failed to attach any documentation to the order in support of its ruling. Consequently, the order cannot be upheld. See Street v. State, 693 So.2d 695 (Fla. 2d DCA 1997).
Accordingly, the order denying Mizzell’s motion for jail credit is reversed and the matter is remanded for further proceedings. On remand, if the court again concludes that summary denial is proper, it must attach to its order those portions of the case file and record which refute Mizzell’s claim.
Reversed and remanded.
FRANK, A.C.J., and PATTERSON and NORTHCUTT, JJ., concur.

. This court acknowledges conflict with the decisions of the First, Fourth, and Fifth District Courts of Appeal and follows its prior decisions requiring trial courts to entertain motions seeking jail credit brought pursuant to Florida Rule of Criminal Procedure 3.800(a). See Swyck v. State, 693 So.2d 618 (Fla. 2d DCA 1997).