PER CURIAM.
Appellant seeks review of an order denying his motion requesting credit for jail time pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
To the extent that appellant seeks post-sentence jail credit, our affirmance is without prejudice to his right to pursue an administrative remedy. See Reynolds v. State, 590 So.2d 1043 (Fla. 1st DCA 1991). To the extent that appellant seeks pre-sentence jail credit, he has not alleged that the denial of such credit will cause his sentence to exceed the statutory maximum. Therefore, his claim is not cognizable under rule 3.800(a). See Berry v. State, 684 So.2d 239 (Fla. 1st DCA 1996). We recognize that the Second District Court of Appeal continues to permit such claims to be brought pursuant to rule 3.800(a), as reflected in its recent opinion in Swyck v. State, 693 So.2d 618 (Fla. 2d DCA), review granted, 699 So.2d 1376 (Fla.1997).
Accordingly, we certify conflict with that decision.
AFFIRMED.
MINER, KAHN and WEBSTER, JJ., concur.