PER CURIAM.
John Michael Lawrence Watkins appeals the denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm, but authorize Mr. Watkins to file another timely motion pursuant to rule 3.850, which shall not be deemed successive.
*1008 Mr. Watkins was sentenced in August 1997 to 30 months’ imprisonment. He received 182 days of jail credit, allegedly for time served in the Pinellas County jail. He maintains that he is entitled to an additional 243 days of credit for time served in the Hillsborough County jail. When the trial court sentenced him in the Sixth Judicial Circuit, the judge apparently was unaware of this possible credit, and Mr. Watkins’ attorney apparently did not request credit for this time served. His attorney did not file a timely motion pursuant to Florida Rule of Criminal Procedure 3.800(b) to challenge this alleged error.
Mr. Watkins filed a motion for postcon-viction relief in November 1997. The motion is procedurally deficient because it is not properly sworn. It does not allege ineffective assistance of counsel, but contains allegations that would have been sufficient to authorize relief under Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993). This court issued its decision in Chojnowski v. State, 705 So.2d 915 (Fla. 2d DCA 1997), at about the same time that Mr. Watkins filed his motion. Chojnoioski held that a jail credit issue could not be raised pursuant to rule 3.800(a) under these circumstances.
The trial court denied Mr. Watkins’ motion based on Chojnoioski. He was not given an opportunity to attempt to plead a theory that might still provide relief under rule 3.850. Accordingly, we affirm without prejudice to Mr. Watkins’ right to file another timely motion seeking relief on any theory that he may contend to provide him relief at this time.
Affirmed.
PATTERSON, A.C.J., and ALTENBERND and NORTHCUTT, JJ., concur.