714 So.2d 429 (1998)
STATE of Florida, Petitioner,
v.
Joseph Sal MANCINO, Respondent.
No. 90516.
Supreme Court of Florida.
June 11, 1998.
Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Ronald Napolitano, Assistant Attorney General, Tampa, for Petitioner.
*430 Joseph Sal Mancino, pro se, Sneads, for Respondent.
PER CURIAM.
We have for review the decision in Mancino v. State, 693 So.2d 73 (Fla. 2d DCA 1997), which the district court certified to be in conflict with the opinions in Berry v. State, 684 So.2d 239 (Fla. 1st DCA 1996); Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996); and Chaney v. State, 678 So.2d 880 (Fla. 5th DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we approve Mancino. We hold that a claim of credit for jail time served is cognizable in a rule 3.800 motion to the extent that court records reflect an undisputed entitlement to credit and a sentence that fails to grant such credit.

MATERIAL FACTS
Respondent Joseph Sal Mancino (Mancino) entered pleas of no contest and was sentenced in two cases that involved burglary, dealing in stolen property, armed burglary, possession of burglary tools, and grand theft. Mancino made a rule 3.800(a) motion requesting jail credit, alleging that court records reflected that he was entitled to credit for time spent in county jail but he had not received credit at sentencing. The trial court denied the motion on the ground it was not cognizable under rule 3.800. On appeal, the Second District reversed, holding that rule 3.800 "is a proper vehicle for raising a credit time issue where jail credit can be determined from the court records." Mancino, 693 So.2d at 73.

LAW AND ANALYSIS
We recognize that this issue has been a troubling one to both the trial courts and the district courts. In a thorough analysis, the First District has noted that until very recently there has been little doubt that rule 3.800 could be used to resolve jail credit issues:
It once was well-established that postconviction claims for additional presentencing jail or prison credit could be raised in motions filed pursuant to rule 3.800(a) if the claim could be resolved without an evidentiary hearing through a review of the trial court's records. See, e.g., Jones v. State, 635 So.2d 41, 42-43 (Fla. 1st DCA [1994]); Carver v. State, 653 So.2d 510 (Fla. 4th DCA 1995); Stevens v. State, 651 So.2d 1298, 1299-1300 (Fla. 5th DCA 1995); Rouse v. State, 643 So.2d 1159, 1160 (Fla. 1st DCA 1994); Handford v. State, 637 So.2d 958 (Fla. 2d DCA 1994); Thomas v. State, 634 So.2d 175, 177 (Fla. 1st DCA 1994); Thomas v. State, 611 So.2d 600, 601 (Fla. 2d DCA 1993). While recognizing, as Judge Altenbernd had pointed out in his en banc opinion in Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA) (en banc), review denied, 613 So.2d 5 (Fla. 1992), that "[r]ule 3.800(a) is reserved for a narrow class of cases in which the sentence imposed can be described as truly `illegal' as a matter of law, for example, where the sentence imposed exceeds the statutory maximum sentence for the crime charged," Nowlin v. State, 639 So.2d 1050, 1052 (Fla. 1st DCA 1994); Rouse v. State, 601 So.2d 281, 282 (Fla. 1st DCA), review denied, 604 So.2d 487 (Fla.1992), this court nevertheless took the position that claims for additional presentencing jail or prison credit were exempt from this analysis and specifically held that "a sentence which does not allow for proper credit is an illegal sentence" as defined by the rule. See Jones, 635 So.2d at 42; Rouse, 643 So.2d at 1160; Moorer v. State, 556 So.2d 778, 779 (Fla. 1st DCA 1990); see also Sanders v. State, 579 So.2d 326, 326 (Fla. 5th DCA 1991) (noting that "a claim by a defendant that he did not receive all of his jail time credit attacks the sentence as being illegal and... can be raised at any time"); Martin v. State, 525 So.2d 901, 902 (Fla. 5th DCA 1987) (opinion on rehearing) (reading the Florida Supreme Court's opinion in Daniels[v. State, 491 So.2d 543 (Fla. 1986)] to mean that "a sentence is illegal if it fails to allow a defendant credit on all concurrent sentences for all of the time spent in the county jail before sentencing"). Until July 1995, this remained the state of the law on postconviction claims for additional presentencing jail or prison credit raised in 3.800(a) motions.
*431 Vanderblomen v. State, 709 So.2d 144, 145 (Fla. 1st DCA 1998) (footnote omitted). The issue has also been brought into focus by Judge Altenbernd at the Second District:
From reviewing many sentencing transcripts, it is clear to me that trial judges use several different procedures to determine jail credit at sentencing. Some court files contain a detailed log of jail credit and others have little or no information about time served in the local county jail. Time served in jails outside the county is rarely documented in the court file. At sentencing hearings, judges are often forced to make a quick "guesstimate" of jail credit with assistance from the defendant and counsel. The 150 days awarded in this case probably is such an approximation. When the trial court guesses low, invariably the defendant discovers this error while in prison and files a motion requesting relief.
At this time, there is no adequate statewide source of information to help the trial judge make this calculation, and there is no adequate review procedure for the prisoner. The issue is rarely preserved for review by direct appeal. The majority is correct that, at least in theory, this issue can be raised by the defendant's attorney prior to appeal in a motion pursuant to the new rule 3.800(b). Unless the public defenders who handle cases at trial significantly modify their procedures, however, they will not discover these errors within the rule's 30-day period. If rule 3.800(b) is the only method to correct these errors, then trial courts will soon see a flood of motions alleging ineffective assistance of counsel for failing to investigate jail credit and to file a timely motion.
This court has consistently held that some jail credit issues may be addressed by a rule 3.800(a) motion. See Street v. State, 693 So.2d 695 (Fla. 2d DCA 1997); Swyck v. State, 693 So.2d 618 (Fla. 2d DCA 1997); review granted, No. 90,358, 699 So.2d 1376 (Fla. Sept.5, 1997); Thomas, 611 So.2d 600. I continue to believe there are some errors involving jail credit that result in illegal sentences which can be resolved without a factual hearing based on the contents of the court file. I acknowledge that many jail credit issues do not fall within the very narrow definition of "illegal sentence" employed by the supreme court when examining a sentencing guidelines departure in Davis v. State, 661 So.2d 1193 (Fla.1995). On the other hand, incorrect calculations on a sentencing guidelines scoresheet may be corrected pursuant to rule 3.800(a), even if those calculations do not cause the sentence to be "illegal" under the Davis definition. Thus, a prisoner who is erroneously sentenced to 48 months', rather than 44 months', imprisonment because of a facially apparent error on the scoresheet is entitled to relief under rule 3.800(a), even though the maximum legal sentence is 60 months. If a comparable mathematical error is made on the face of a prisoner's record in calculating jail credit, I think common fairness, if not due process, requires that the State concede its error and correct the sentence "at any time." See Richardson v. State, 698 So.2d 551 (Fla. 1st DCA 1997) (Allen, J., concurring in part and dissenting in part).
Nevertheless, rule 3.800(a) is far from an adequate tool to review most jail credit errors. Many, if not most, jail credit issues do not appear on the face of the record available to the trial court. Either the trial court does not have access to the jail records described by the prisoner or the prisoner is claiming a factual error in those records. There is no valid reason to allow such factual issues to be raised at any time in an unsworn motion.
Thus, rule 3.850 currently provides the best procedure for a prisoner to resolve jail credit issues because it allows for a sworn pleading and the orderly resolution of factual disputes relating to sentencing. These motions, however, cannot be filed during the pendency of an appeal. At least in this district, with our public defender's backlog, unless the defendant chooses to forego his or her constitutional right to appeal, it will be difficult for the trial court to resolve a factual issue relating to jail credit before the prisoner fully serves any sentence that is less than 3 years' imprisonment. Even if the trial *432 court manages to reach the issue in time, a delayed evidentiary hearing is a highly inefficient method to resolve jail credit problems.
I do not profess to be an expert on the best methods to record and calculate jail credit. I do know, however, that the Department of Corrections already calculates prison credit when a trial judge checks the box for prison credit on the written sentence. In this computer age, the legislature could authorize the Department to obtain statewide records for use in all cases. I believe the trial court should at least have the option of allowing the Department to calculate jail credit in complex cases. This certainly would be better than forcing trial judges to scribble calculations while reciting "thirty days hath September" at every sentencing hearing.
If it is not feasible for the legislature to delegate this task to the Department, then the supreme court should consider the creation of a specific rule of procedure to allow these matters to be processed in the trial courts and reviewed on appeal in a timely and efficient manner.
Chojnowski v. State, 705 So.2d 915, 917-19 (Fla. 2d DCA 1997) (Altenbernd, J., concurring specially); see also Richardson v. State, 698 So.2d 551 (Fla. 1st DCA 1997) (majority and concurring in part and dissenting in part opinions grappling with this issue).
Florida Criminal Rule of Procedure 3.800(a) provides: "A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet." In State v. Callaway, 658 So.2d 983 (Fla.1995), we recognized and approved the three different types of sentencing errors generally identified in Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991):
(1) [A]n "erroneous sentence" which is correctable on direct appeal; (2) an "unlawful sentence" which is correctable only after an evidentiary hearing under rule 3.850; and (3) an "illegal sentence" in which the error must be corrected as a matter of law in a rule 3.800 proceeding.
658 So.2d at 988. We noted in Callaway that rule 3.800(a) motions should be "limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination." Id. As the Second District explained in Judge:
It might be helpful if lawyers and judges referred to sentencing errors that are correctable only on direct appeal as "erroneous sentences." Likewise, sentencing errors that are correctable only after an evidentiary hearing under rule 3.850 would be "unlawful sentences." This would reserve the term "illegal sentence" for use only under circumstances in which the error must be corrected as a matter of law, even in a rule 3.800 proceeding. We admit, however, that this precision would be difficult, even for this court to obey consistently. It is perhaps enough if lawyers and judges keep in mind that these distinctions do exist for good jurisprudential reasons and may affect the relief available at various stages postconviction.
596 So.2d at 76-77 n. 1.
In support of the Second District's conclusion, Mancino cites Hopping v. State, 650 So.2d 1087, 1088 (Fla. 3d DCA 1995), which states that failure to grant proper jail credit for time served is an illegal sentence under rule 3.800 since section 921.161(1), Florida Statutes (1995) affirmatively mandates that no sentence may be imposed without crediting a defendant with jail time already served. Judge Barkdull, writing for the Third District, reasoned:
A sentence which does not grant proper credit for time served is an illegal sentence which may be corrected at any time. See and compare Jones v. State, 635 So.2d 41 (Fla. 1st DCA 1994); Moorer v. State, 556 So.2d 778 (Fla. 1st DCA 1990). Section 921.161(1), Florida Statutes, states that a prisoner shall receive credit for time served in the county jail prior to sentencing and for time served between sentencing and transfer to the Department of Corrections.
Id. at 1088. In a similar vein, we recently held, in a case involving a different Hopping, that "where it can be determined without an evidentiary hearing that a sentence has been unconstitutionally enhanced in violation of *433 the double jeopardy clause, the sentence is illegal and can be reached at any time under rule 3.800." Hopping v. State, 708 So.2d 263, 265 (Fla.1998). In Hopping we relied on the fact that the record reflected without dispute that the trial court had illegally increased the defendant's sentence after the defendant had already begun service of that sentence. See also Troupe v. Rowe, 283 So.2d 857 (Fla. 1973) (prohibiting the increase of a sentence once it has commenced being served).
The Second District in Mancino recognized that its approach represents the minority rule, noting that the First, Fourth, and Fifth districts have concluded otherwise. Id. Specifically, in Berry, the First District denied the appellant's rule 3.800(a) motion because "he did not allege that denial of the jail and prison credit caused him to be sentenced to a period in excess of the statutory maximum for his offense." 684 So.2d at 240. In Chaney, the Fifth District held that "[a] sentence within the statutory maximum is a legal sentence and not subject to review in a rule 3.800(a) motion but rather a motion for postconviction relief pursuant to rule 3.850." 678 So.2d at 881. Similarly, the Fourth District, in Sullivan, relied on our opinion in Davis v. State, 661 So.2d 1193 (Fla.1995), to conclude that "only if the sentence exceeds the maximum allowed by law would the sentence be illegal" pursuant to rule 3.800(a). 674 So.2d at 214-15. However, in a footnote, the court noted that "[r]elief would be available under Florida Rule of Criminal Procedure 3.850. If a defendant is beyond the time period for Rule 3.850 relief and the sentence has been served but for the improper jail credit time, a petition for habeas corpus would offer relief." Id. at 215 n. 1.
As is evident from our recent holding in Hopping, we have rejected the contention that our holding in Davis mandates that only those sentences that facially exceed the statutory maximums may be challenged under rule 3.800(a) as illegal. Further, we agree with the observations of Judge Barkdull in the Third District's decision in Hopping that a sentence that does not mandate credit for time served would be illegal since a trial court has no discretion to impose a sentence without crediting a defendant with time served. A sentence that patently fails to comport with statutory or constitutional limitations is by definition "illegal". As noted by the Fourth District in Sullivan, a prisoner who can demonstrate her entitlement to release when properly credited with time served would be entitled to relief by habeas corpus.
For these same reasons we agree with the holding of the Second District in Mancino. The entitlement to time served is not a disputed issue of fact in the sense that an evidentiary hearing is needed to determine whether there is such an entitlement. Hence, if the record reflects that a defendant has served time prior to sentencing on the charge for which he was tried and convicted, and a sentence that does not properly credit the defendant with time served, then that sentence may be challenged under rule 3.800 much in the way that the double jeopardy issue was raised in Hopping.
As noted by Judge Altenbernd in Chojnowski, since a defendant is entitled to credit for time served as a matter of law, "common fairness, if not due process, requires that the State concede its error and correct the sentence `at any time.'" 705 So.2d at 918 (Altenbernd, J., concurring specially). For that reason, a prisoner should ordinarily first seek prompt administrative relief in the corrections system before going to the circuit court for relief under rule 3.800(a), mandamus or habeas corpus. Of course, the trial court and counsel for the State and the defendant should be alert to see that provision is always made in sentencing for a defendant to receive credit for all time already served.

CONCLUSION
Accordingly, we approve Mancino. We hold credit time issues are cognizable in a rule 3.800 motion when it is affirmatively alleged that the court records demonstrate on their face an entitlement to relief.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.