PER CURIAM.
We have for review the decision in Swyck v. State, 693 So.2d 618 (Fla. 2d DCA 1997), which the district court certified to be in conflict with the opinions in Berry v. State, 684 So.2d 239 (Fla. 1st DCA 1996), Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996), and Chaney v. State, 678 So.2d 880 (Fla. 5th DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Swyck moved to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800. Specifically, Swyck claimed that he was not properly credited with time spent in jail prior to the imposition of his sentence. The trial court denied the motion on the grounds it was not cognizable under rule 3.800. On appeal the Second District Court of Appeal held that Swyck must be given credit for twelve days he served in the county jail between the time of his arrest and the time he was sentenced. Swyck, 693 So.2d at 619. In doing so, the court certified conflict with Berry, Sullivan, and Chaney, which hold that a motion to correct an illegal sentence due to the denial of jail credit cannot be made under, rule 3.800 unless the error would result in the defendant serving in ex *768 cess of the statutory maximum allowed by law.
This Court recently addressed this issue in State v. Mancino, 714 So.2d 429 (Fla.1998), wherein we approved a Second District decision similar to Swyck.
Accordingly, we approve the decision below.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.