PER CURIAM.
We reverse the denial of Rojelio Gutierrez’s motion seeking postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, and remand for further proceedings. The motion requested the trial court to correct the jail credit on Gutierrez’s sentence.
Gutierrez was sentenced October 17, 1997, to three years and six months’ incarceration for a violation of community control. Gutierrez alleges trial counsel was ineffective by failing to ascertain, through a proper investigation prior to sentencing, how much jail credit he was entitled to receive against this sentence, and to present the time-served claim to the trial court. The trial court denied relief based upon this court’s decision in Chojnowski v. State, 705 So.2d 915 (Fla. 2d DCA 1997), which holds that a defendant has only one avenue for relief regarding nonfun-damental sentencing error, the filing of a motion to correct illegal sentence pursuant to rule 3.800(b) within thirty days following the rendition of sentence. Gutierrez’s motion, however, brings a facially sufficient claim of ineffective assistance of counsel: the failure to timely file the rule 3.800(b) motion required in Chojnowski. As was explained in Judge Altenbernd’s concurrence in Chojnow-ski, unless procedures at the trial court level are modified to accommodate the strictures of the rule, there will be a flood of postcon-viction motions seeking to correct these errors. See 705 So.2d at 918.
We instruct the trial court to review the motion in light of this court’s opinion in *921 Watkins v. State, 23 Fla. L. Weekly D846, — So.2d —, 1998 WL 135382 (Fla. 2d DCA March 27, 1998) (allowing relief for a jail credit question through a properly sworn and pleaded motion for postconviction relief).
Reversed and remanded with directions.
FRANK, A.C.J., and THREADGILL and GREEN, JJ., Concur.