PER CURIAM.
Affirmed. We note, with respect to the jail time credit to which Appellant claims she is entitled, the supreme court, in State v. Mancino, 714 So.2d 429, 433 (Fla.1998)(holding jail credit issues are cognizable under rule 3.800(a)), agreed that “[a] sentence which does not grant proper credit for time served is an illegal sentence which may be corrected at any time;” id. at 432 (quoting Hopping v. State, 650 So.2d 1087, 1088 (Fla. 3d DCA 1995)). Thus, Appellant’s jail credit claim would be cognizable on direct appeal. See Harriel v. State, 710 So.2d 102, 104 (Fla. 4th DCA 1998)(excepting claims of illegal sentence from rule that sentencing errors must be brought to the attention of the trial court before being raised on appeal). However, there is nothing in the instant record which substantiates Appellant’s claim of entitlement to additional credit for jail time served prior to sentencing. Mancino limits the application of rule 3.800(a), in jail credit cases, to ones in which the court records demonstrate on their face an entitlement to relief. 714 So.2d at 433. Therefore, this affirmance is without prejudice to Appellant seeking additional credit by motion under rule 3.850.
STONE, C.J., DELL and KLEIN, JJ., concur.