PER CURIAM.
Luis Mario Rubalcaba appeals an order denying his motion to correct illegal sentence, dated June 12, 1998, and amendment thereto. We affirm in part and reverse in part.
In 1997, the trial court granted postconviction relief to defendant-appellant Rubalcaba, finding merit in defendant’s claim that his sentence entered pursuant to a negotiated plea exceeded the legal maximum. The trial court restructured concurrent sentences to consecutive sentences to achieve the original sentencing intent. This court affirmed on appeal, rejecting defendant’s argument that restructuring was improper. See Rubalcaba v. State, 706 So.2d 1380 (Fla. 3d DCA 1998).
In his 1998 motion to correct illegal sentence, defendant again contends that the trial court had no authority to restructure his sentences so as to accomplish the original sentencing intent. That issue was decided against defendant in the prior appeal. See id. Defendant’s argument is thus barred by the doctrine of res judicata. Defendant’s claim that he should have been present at the 1997 resentencing is procedurally barred and without merit.
Defendant next argues, and the State concedes, that defendant has not been given proper credit for time served. See State v. Mancino, 714 So.2d 429 (Fla. 1998). We therefore reverse the 1998 order denying postconviction relief in part, and remand for entry of corrected sentencing orders to reflect proper credit for time served.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.