PER CURIAM.
David F. Kelly appeals the summary denial of his motions for relief under Florida Rules of Criminal Procedure 3.850 and 3.800. We affirm in part and reverse in part for reconsideration of his claim for jail time credit.
Kelly was sentenced to years in prison on December 12, 1997, for violations of probation on five 1991 split sentences. Pursuant to State v. Mancino, 714 So.2d 429 (Fla.1998), he moved for allowance of credit for jail time incurred in both 1991 and 1997 while awaiting sentencing. The trial court denied Kelly’s motion, incorrectly stating that his proper recourse was an administrative remedy through the Department of Corrections and referencing an earlier order which, it stated, disposed of his claim.
Although technically deficient under Mancino, Kelly’s motion is sworn to and brought within two years of the sentence under attack and can therefore be treated as a prayer for relief under rule 3.850(a).
The earlier order does not resolve Kelly’s claim of time spent in jail awaiting sentencing in both 1991 and 1997. Furthermore, none of the attachments provided by the trial court reflect the award of the jail time claimed by Kelly toward his 5]é-year sentences for violations of probation. Accordingly, while we affirm the trial court’s denial of the balance of Kelly’s claims, we remand the case for reconsideration of his claim for jail time credit toward his sentence.
PATTERSON, A.C.J., and FULMER and STRINGER, JJ„ Concur.