PER CURIAM.
Theodore Lawler appeals the denial of his motion to correct an illegal sentence. He claims that his habitual offender life sentence was an upward departure sentence that is illegal because his offense, conviction and sentence all occurred before the sentencing guidelines were adopted by the legislature on July 1, 1984. If that allegation were supported by the record, his sentence would be unconstitutional. See Smith v. State, 537 So.2d 982, 987 (Fla.1989). A sentence that violates constitutional limitations is “illegal” and is subject to correction at any time under Florida Rule of Criminal Procedure 3.800(a). See State v. Mancino, 714 So.2d 429, 433 (Fla.1998).[1]
However, it is clear to us upon review of the sentencing hearing and the sentencing *1204 judgment that appellant was sentenced as a habitual felony offender.
Affirmed.
WARNER, C.J., DELL and GROSS, JJ., concur.

. The state argued to this court that a sentence could not be considered “illegal” for the purpose of rule 3.800(a) unless it exceeded the maximum punishment authorized by statute or was the result of a miscalculation in the sentencing guidelines scoresheet. Over a year ago, the Florida Supreme Court rejected that narrow definition, explaining that "[a] sentence that patently fails to comport with statutory or constitutional limitations is by definition ‘illegal’.” Mancino, 714 So.2d at 433. Of late, the state has followed many responses which overlooked Mancino. This case should not be neglected when arguing an illegal sentence issue in future appeals.