746 So.2d 545 (1999)
Robert H. FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 99-04094.
District Court of Appeal of Florida, Second District.
December 10, 1999.
Robert H. Freeman, pro se.
PER CURIAM.
We affirm the trial court's order denying Robert H. Freeman's motion for additional jail credit, which was filed pursuant to Florida Rule of Criminal Procedure 3.800(a). If Mr. Freeman is entitled to relief, that relief must be obtained through a motion filed pursuant to Florida Rule of Criminal Procedure 3.850 because it involves facts beyond the trial court's record. See State v. Mancino, 714 So.2d 429 (Fla. 1998).
The trial court's order claims that Mr. Freeman wants to combine credit from two unrelated cases. From the record, we cannot determine whether that is an accurate factual explanation. Mr. Freeman's brief contains extensive factual information outside the record suggesting that he is actually entitled to jail credit in both cases for time served between November 14, 1997, and April 29, 1998. The trial court's record contains the sheriffs certificates prepared pursuant to section 921.161(2), Florida Statutes (1997), and transmitted with Mr. Freeman's two commitments. Mr. Freeman's allegations cannot be established merely by reviewing the information in these certificates. Accordingly, this is an issue that he must raise in a sworn motion.
Affirmed.
*546 ALTENBERND, A.C.J., and WHATLEY and NORTHCUTT, JJ., Concur.