PER CURIAM.
Carl Erickson appeals the denial of his motion to allow credit for jail time, which he filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The order attached a copy of the arrest warrant from the court file, which showed that he had been arrested over three months after the date he alleged in his motion. That attachment supported the trial court’s con-elusion that he had been awarded all the credit he was due.
On appeal, Erickson supplied this court with a copy of a second arrest warrant, which bears the date of arrest alleged in his motion. It appears that this second warrant was not part of the court file and was never presented to the trial court.
This case illustrates why rule 3.850 is the better procedure to resolve jail credit issues. Autrey v. State, 736 So.2d 94 (Fla. 4th DCA 1999); Chojnowski v. State, 705 So.2d 915, 917-19 (Fla. 2d DCA 1997)(A1-tenbernd, J., concurring speciallyXquoted in, State v. Mancino, 714 So.2d 429, 431 (Fla.1998)). The trial court properly denied Erickson’s motion because under rule 3.800(a), it was required to limit its review to the materials in the court file. Under rule 3.850, Erickson could have supplemented that record by attaching a copy of the second warrant to his motion.
Because the trial court was correct in denying relief under rule 3.800(a), we affirm. Affirmance is without prejudice to Erickson to file a motion seeking additional jail credit pursuant to rule 3.850, within the time remaining under that rule.
STONE, GUNTHER and KLEIN, JJ., concur.