PER CURIAM.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm Pace’s judgments and sentences and note that during the pendency of the appeal a motion to mitigate sentence pursuant to Florida Rule of Criminal Procedure 3.800(c) was filed within which Pace makes a cursory claim that he is entitled to additional credit for jail time served. Pace’s motion was summarily denied by the trial court, and is a non-appealable order. See Adams v. State, 487 So.2d 1209 (Fla. 4th DCA 1986)(holding that an order denying a motion to correct, reduce or modify a sentence under rule 3.800 is not appealable).
In State v. Mancino, 714 So.2d 429, 433 (Fla.1998), the Florida Supreme Court held that jail credit issues are cognizable under rule 3.800(a), determining that “[a] sentence which does not grant proper credit for time served is an illegal sentence which may be corrected at any time.” Id. at 432 (quoting Hopping v. State, 650 So.2d 1087, 1088 (Fla. 3d DCA 1995)). Accordingly, Pace’s jail credit claim would be cognizable on direct appeal. See Harriet v. State, 710 So.2d 102, 104 (Fla. 4th DCA 1998)(excepting claims of illegal sentences from rule that sentencing errors must be brought to the attention of the trial court before being raised on appeal).
There is, however, nothing in the record before this court which substantiates Pace’s claim of entitlement to additional credit for jail time served prior to his sentencing. Since Mancino limits the application of rule 3.800(a), in jail credit cases, to those in which the court records demonstrate on their face an entitlement to relief, we affirm without prejudice to Pace seeking additional credit by filing a properly pled motion under rule 3.800 or timely motion pursuant to rule 3.850. See Walker v. State, 725 So.2d 1277 (Fla. 4th DCA 1999).
AFFIRMED.
DELL, POLEN and GROSS, JJ., concur.