PER CURIAM.
Appellant, Gurtram J. Johnson, appeals the trial court order summarily denying his motion to correct illegal sentence which argued that he was erroneously denied a certain amount of jail time credit based on his custody in jail commencing on August 4, 1997, and ending on his sentencing on October 20,1999.
The trial court summarily denied the motion to correct illegal sentence on the ground that the record showed that appellant had been released on several dates and then re-arrested, such that he was not entitled to the total number of days of credit from August 4, 1997, to the date of sentencing. The record attachment to the state’s response, which led to that order, shows that appellant was in jail from August 4, 1997, to August 5, 1997, from April 21, 1998, to June 9, 1998, and from August 31, 1999, to October 20, 1999. This suggests that the trial court’s award of only fifty-two days for jail time credit was in error. Neither the state nor the trial court has adequately refuted this claim.
Florida Rule of Criminal Procedure 3.800(a) does provide a vehicle for claims of erroneous denial of jail time credit. See State v. Mancino, 714 So.2d 429, 432-33 (Fla.1998); Pace v. State, 776 So.2d 1035 (Fla. 4th DCA 2001). Appellant has made a sufficient showing of that. Therefore, we reverse the trial court’s order of summary denial and remand for further consideration of his jail time credit demands in light of this opinion.
WARNER, FARMER and TAYLOR, JJ., concur.