ORFINGER, J.
Johnny Lee Williams appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Williams was convicted, inter alia, of armed robbery with a weapon,[1] a first degree felony punishable by life.[2] Williams was sentenced as a habitual violent felony offender to “the minimum term of life [to] be served prior to release.” Williams contends that the trial *407 court erroneously imposed a minimum life term rather than a life term with a fifteen-year minimum. The State concedes error.
Section 775.084(4)(b)(l), Florida Statutes (2000), provides that a defendant sentenced as a habitual violent felony offender for a life felony or a felony of the first degree is subject to a life sentence with a minimum mandatory sentence of fifteen years. In denying this claim, the trial court reasoned that the issues could or should have been raised on direct appeal. While that may be true, a sentence that fails to comport with statutory limitations is by definition “illegal” and can be challenged at any time in a rule 3.800(a) proceeding. State v. Mancino, 714 So.2d 429 (Fla.1998).
Accordingly, we reverse the trial court’s order denying Williams relief on this claim, but affirm the remainder of the order denying relief on the other claims asserted by Williams.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
PLEUS, C.J. and TORPY, J., concur.

. § 812.13(1) & (2)(a), Fla. Stat. (2000).

. First degree felonies are punishable by a term of years not exceeding life or subject to *407 enhanced sentencing under the habitual felony offender statute. See Burdick v. State, 594 So.2d 267 (Fla.1992); Burke v. State, 823 So.2d 173 (Fla. 5th DCA 2002).