JOANOS, J.
Appellant pled nolo contendere to first degree murder, a capital felony, in 1997, for an offense that occurred in 1996. Pursuant to a plea agreement, the trial court sentenced him to life in prison with a provision that he would be eligible for parole after 25 years. Appellant asserts that, at the time of sentencing, the court, the prosecutor, and the defendant realized there might be a problem with the sentence imposed, because as of May, 1994, section 775.082(1), Florida Statutes, was amended to provide no parole eligibility for a defendant convicted of a capital felony. Appellant further asserts that all parties agreed that if the sentence were determined to be invalid, appellant would be considered to have pled to second degree murder and would receive a 30-year sentence.
Appellant filed a complaint for declaratory judgment, naming the Parole Commission as defendant, seeking a declaration that, under the plea agreement, the Commission would have to consider him eligible for parole after 25 years. The trial court ruled that the Commission had no authority to consider appellant for parole after 25 years. This appeal followed.
*1224 We agree with the Parole Commission’s contention that it cannot consider appellant eligible for parole after 25 years, as it does not have statutory authority to do so. To the extent that appellant may have a remedy, it would be in the sentencing court.
AFFIRMED.
BOOTH and WEBSTER, JJ., CONCUR.