PER CURIAM.
Delfonta Peacock (Appellant) appeals the denial of his motion to withdraw a plea, which was found by the trial court to be procedurally barred. On appeal, he alleges he received an “illegal sentence.” See § 775.082(1), Florida Statutes (1995) (amendment making a “person who has been convicted of a capital felony ... ineligible for parole”); State v. Mancino, 714 So.2d 429, 433 (Fla.1998); Kelly v. Florida Parole Comm’n, 728 So.2d 1223 (Fla. 1st DCA 1999). He seeks to have his primary plea and sentence vacated, and his alternate default plea and sentence substituted. Concluding that the motion to withdraw plea was properly denied, we affirm.
Appellant entered a guilty plea and was sentenced in accordance with the plea agreement in June 1997. No direct appeal was taken. He filed a 1998 motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), which was addressed on the merits and was denied by the trial court. That ruling was not *1268 appealed. Appellant filed a September 1999 motion to withdraw plea alleging various claims based on ineffective assistance of counsel and/or the lack of a voluntary, knowing plea. On appeal, Appellant raises “illegal sentence” claims that are not alleged in the motion to withdraw plea. The motion to withdraw plea was untimely filed and is procedurally deficient. Fla. R. Crim. P. 3.170(1) & 3.850(b).
AFFIRMED.
DAVIS, PADOVANO, and BROWNING, JJ., CONCUR.