786 So.2d 651 (2001)
Ron E. ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3611.
District Court of Appeal of Florida, Fourth District.
June 6, 2001.
Ron E. Robinson, Florida City, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Ron E. Robinson appeals the summary denial of his motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800.
In his motion, Robinson alleges he was sentenced to a split sentence. Subsequently, he violated his probation and when he was resentenced the trial court awarded him prior prison credit. He further contends that his sentencing documents do not accurately reflect the trial court's award of the prison credit. A claim for additional credit is cognizable in a rule 3.800 motion. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998) (holding that "credit time issues are cognizable in a rule 3.800 motion when it is affirmatively alleged that the court records demonstrate on their face an entitlement to relief").
The trial court's order denying Robinson's motion to correct an illegal sentence included a copy of the plea colloquy, which supports Robinson's claim that he is entitled to such credit.
Because Robinson's judgment and sentence is missing from his lower court file, the sentencing documents are unavailable for review. Consequently, nothing provided by the trial court conclusively refutes Robinson's claim. In fact, the attachments may even support his claim. Accordingly, we reverse and remand for the trial court to consider the merits of the contention raised in Robinson's motion.
If the trial court determines that Robinson's motion is without merit, it must attach those portions of the record that refute his claim of failure to follow the trial court's oral sentencing pronouncement. Otherwise, we remand for further proceedings on this claim.
STONE, KLEIN and GROSS, JJ., concur.