PER CURIAM.
The appellant challenges the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). According to the appellant, the sentence and judgment documents apparently failed to reflect the trial court’s orally pronounced sentencing intent, which was that the appellant was to receive prison credit against his sentence for violation of probation. The trial court summarily denied the appellant’s motion, stating only that his claim is incognizable via a rule 3.800 motion.
Because “[a] claim for additional credit is cognizable in a rule 3.800 motion,” the trial court was incorrect in denying the appellant’s motion. See Robinson v. State, 786 So.2d 651 (Fla. 4th DCA 2001)(eiting State v. Mancino, 714 So.2d 429, 433 (Fla. 1998) for the proposition that “credit time issues are cognizable in a rule 3.800 motion when it is affirmatively alleged that the court records demonstrate on their face an entitlement to relief’).
We accordingly reverse and remand with directions to the trial court to either attach record excerpts that conclusively refute the appellant’s allegation, or to grant the relief sought.
REVERSED AND REMANDED.
KAHN, PADOVANO and POLSTON, JJ., concur.