# Supreme Court of Florida

_____

No. SC11-1679
_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF CRIMINAL PROCEDURE AND THE FLORIDA RULES OF APPELLATE PROCEDURE.**

[December 5, 2013]
**<u>CORRECTED OPINION</u>**

PER CURIAM.

Consistent with the orders entered in this case on December 5, 2013, the opinion dated April 18, 2013, is withdrawn and this revised opinion is substituted in its place.

**BACKGROUND**

The Supreme Court Criminal Court Steering Committee (Steering Committee) and the Subcommittee on Postconviction Relief (Subcommittee) have filed a joint petition recommending amendments to Florida Rules of Criminal Procedure 3.170 (Pleas), 3.800 (Correction, Reduction, and Modification of Sentences), 3.850 (Motion to Vacate, Set Aside, or Correct Sentence), and 3.851 (Collateral Relief after Death Sentence has been Imposed and Affirmed on Direct

Appeal), and recommending adoption of new Florida Rule of Criminal Procedure 3.801 (Correction of Jail Credit). We have jurisdiction. See art. V, § 2(a), Fla. Const. The amendments we adopt here are the culmination of extensive study of Florida's postconviction relief process.

Among its 2010 charges, the Steering Committee was directed to review Florida's postconviction rules and, if necessary, recommend amendments to the Court. In re Criminal Court Steering Committee, Fla. Admin. Order No. AOSC10-34, at 2 (Jul. 1, 2010). To facilitate the Steering Committee's charge, the Subcommittee was established by the Court to "conduct a comprehensive review of Florida Rule of Criminal Procedure 3.800 (Correction, Reduction, and Modification of Sentences), Florida Rule of Criminal Procedure 3.850 (Motion to Vacate, Set Aside, or Correct Sentence), and Florida Rule of Criminal Procedure 3.851 (Collateral Relief after Death Sentence has been Imposed and Affirmed on Direct Appeal)." In re Subcommittee on Postconviction Relief, Fla. Admin. Order No. AOSC10-40, at 1 (Jul. 2, 2010). The Subcommittee was directed to study the recommendations made by the Commission on District Court of Appeal Performance and Accountability and the Commission on Trial Court Performance and Accountability pertaining to the postconviction relief process and Florida Rule

of Criminal Procedure 3.170(*l*).  Id. at 2; In re Subcommittee on Postconviction Relief, Fla. Admin. Order No. AOSC10-53, at 1 (Oct. 6, 2010).[1]

On October 10, 2011, the Steering Committee and the Subcommittee filed a joint petition proposing multiple amendments to the postconviction rules and the deletion of rule 3.170(*l*).  As explained in the joint petition, the proposed amendments are "intended to more effectively control the filing of postconviction motions by introducing greater finality and uniformity into what has become an unwieldy postconviction process," and to "achieve a balance between the rights of the convicted defendants and the appropriate use of court resources."

The Court published the proposals for comment in The Florida Bar News. Several comments were filed, including comments from the Florida Public Defender Association, the Florida Association of Criminal Defense Lawyers, The Florida Bar's Appellate Court Rules Committee and Criminal Procedure Rules Committee,[2] and the Innocence Project of Florida, as well as from a number of

---

1.  In addition to the extensive work undertaken by the Steering Committee and the Subcommittee on behalf of the Court, the Court also recognizes the work of the Commission on District Court of Appeal Performance and Accountability, the Commission on Trial Court Performance and Accountability, and the Postconviction Rules Workgroup, which was created jointly by these Commissions "to consider and recommend changes in the procedural rules, administrative practices, and statutes that affect postconviction remedies."  Postconviction Rules Workgroup, Report of the Postconviction Rules Workgroup, at 3 (2006).

2.  Both rules committees were consulted by the Steering Committee prior to the filing of the joint petition.  In its comment in response to the proposed criminal

individual commentors.  The Steering Committee and the Subcommittee filed a

joint response to the comments.  The Court heard oral argument on the proposals.

**AMENDMENTS**

Upon consideration of the proposed amendments, the comments and

response thereto, the matters discussed at oral argument, and the motions for

rehearing properly before the Court, we adopt a number of the proposed

amendments, some with modifications, and we adopt several additional

amendments on our own motion.  We also decline to adopt several proposals, as

further explained below.[3]

**Rule 3.170(*l*) (Motion to Withdraw the Plea after Sentencing)**

The Steering Committee and the Subcommittee recommend the deletion of

rule 3.170(*l*), which allows a defendant to file a motion to withdraw a plea of guilty

or nolo contendere within thirty days of rendition of the sentence.  The rule limits

the grounds properly raised to those set out in Florida Rule of Appellate Procedure

---

rule amendments, the Appellate Court Rules Committee proposed conforming amendments to Florida Rules of Appellate Procedure 9.020 (Definitions), 9.140 (Appeal Proceedings in Criminal Cases), and 9.141 (Review Proceedings in Collateral or Post-Conviction Criminal Cases).  We consider these proposals here and adopt the conforming amendments to rules 9.140 and 9.141.  Because we decline to eliminate rule 3.170(*l*) as explained below, we also decline to adopt the proposed conforming amendment to rule 9.020.

3. In addition to the amendments discussed herein, editorial and other minor amendments are also made to rules 3.850 and 3.851.  Subdivision (k) (Belated Discretionary Review) of rule 3.850 is eliminated, as proposed in the joint petition.

9.140(b)(2)(A)(ii)(a)-(e) except as provided by law.  In proposing the deletion of the rule, the Steering Committee and the Subcommittee contend that most motions brought under this rule are pro se and allege ineffective assistance of counsel, and as such, present issues that would be better addressed on appeal or pursuant to rule 3.850.  We disagree.  To the extent that these claims fall within the grounds allowable by the rule and are timely, adjudication of a motion to withdraw the plea is preferable in the trial court and closer in time to entry of the plea.  Accordingly, we decline to eliminate rule 3.170(*l*).

**Rule 3.800 (Correction, Reduction, and Modification of Sentences)**

The Steering Committee and the Subcommittee propose several amendments to rule 3.800, including deleting the text of subdivision (a) (Correction) and substantially amending subdivision (b) (Motion to Correct Sentencing Error).[4] Due to the concerns raised in the comments filed and at oral argument, we decline to adopt these proposals.[5]  However, we amend rule 3.800(a) to remove language

---

4. The Steering Committee and the Subcommittee also proposed an amendment to Florida Rule of Criminal Procedure 3.800(c).  However, subsequent to the filing of the joint petition, this amendment was adopted in another case.  See In re Amendments to Florida Rule of Criminal Procedure 3.800(c), 76 So. 3d 913, 914-15 (Fla. 2011).  Consequently, the proposal was withdrawn.

5. While we decline to delete the text of rule 3.800(a), which, as amended by this opinion allows a court "at any time" to correct an illegal sentence or an incorrect scoresheet calculation, we ask the Florida Bar's Criminal Procedure Rules Committee, with input from the Steering Committee, to review the issue of

that would conflict with new rule 3.801, discussed below. In addition, we amend

rule 3.800(b) to add a provision governing the disposition of rehearing motions and

the effect such motions have on rendition of the order on a rule 3.800(b) motion.

As amended, the rule provides that a response may be filed within ten days of

service of a motion for rehearing, and a motion for rehearing must be disposed of

within fifteen days of the response but not later than forty days from the date of the

order for which rehearing is sought. If no order is filed within forty days, the

motion for rehearing is deemed denied. In addition, it provides that a timely filed

motion for rehearing tolls rendition of the order subject to appellate review.

### New Rule 3.801 (Correction of Jail Credit)

We adopt new rule 3.801 as proposed with a minor modification. This new

rule governs the correction of a sentence that fails to allow county jail time credit

as provided in section 921.161, Florida Statutes (2012). The rule is intended to

prevent stale claims by requiring that jail credit issues be brought within one year

of the sentence becoming final. Successive motions for jail credit are not allowed.

The rule also identifies the contents that must be included in a motion seeking such

relief and specifies that certain subdivisions of rule 3.850 are applicable to motions

under this rule. The rule provides a one-year grace period for sentences imposed

prior to July 1, 2013.

---

successive rule 3.800(a) motions and propose a rule amendment restricting such
motions.

**Rule 3.850 (Motion to Vacate, Set Aside, or Correct Sentence)[6]**

We amend rule 3.850 to address several issues identified by the Postconviction Rules Workgroup and by the Steering Committee and the Subcommittee in the joint petition. However, due to the concerns raised in the comments and at oral argument, we decline to amend current subdivisions (a) (Grounds for Motion) and (b) (Time Limitations), and to adopt a new subdivision (b), as proposed, the combined effect of which would have been to create separate subdivisions of the rule governing conviction claims and sentencing claims. We also decline to amend current subdivision (*l*) (Habeas Corpus), as proposed in the joint petition.

We amend subdivision (c) (Contents of Motion) in several ways, as proposed. First, it is amended to add the requirements that the motion be under oath, stating that "the defendant has read the motion or that it has been read to him or her, that the defendant understands its contents, and that all of the facts stated therein are true and correct," and that the motion explain whether the judgment resulted from a plea or from a trial. Next, it is amended to require that newly discovered evidence claims be supported by affidavits attached to the motion. Lastly, it is amended to remove the language governing the form of the motion

_____

6. In the course of amending rule 3.850, some of the subdivisions have been redesignated.

currently set out in the last paragraph and to move that language to new subdivision (d) (Form of Motion).[7]

Next, we add new subdivision (e) (Amendments to Motion). This new subdivision is intended to codify existing case law on amendments to postconviction motions and to comport with the amendments to current subdivision (d) (Procedure; Evidentiary Hearing; Disposition), discussed below. These new provisions together are meant to further the ultimate goal of allowing the trial court to adjudicate the merits of all sufficiently pleaded postconviction claims in a single postconviction proceeding, with a single final appealable order.

Current subdivision (d) (Procedure; Evidentiary Hearing; Disposition) is substantially amended and is redesignated as (f). As amended, this subdivision codifies existing case law and addresses the different options that the trial judge has when considering a motion under the rule, dependent upon such factors as the timeliness of the motion, whether and to what extent the motion is sufficient, whether and to what extent the motion is subject to disposal on the record, whether to obtain a response from the State, and whether counsel should be appointed. The portion of this subdivision addressing disposition by evidentiary hearing is amended to (1) require that the trial court cause notice of the evidentiary hearing to

_____

7. The Steering Committee and the Subcommittee recommend that the language addressing the form of the motion be moved to a new subdivision and that it also be modified to set forth additional requirements and restrictions and a shorter page limit. We decline to adopt the proposed modifying language.

be served not only on the state attorney but also on the defendant or the defendant's counsel; (2) expressly provide that the defendant bears the burden of presenting evidence at the evidentiary hearing and the burden of proof upon the motion unless otherwise provided by law; and (3) require that the order issued by the trial court after the evidentiary hearing resolve all claims raised and be considered the final order for purposes of appeal. Additionally, language directing the court to vacate and set aside the judgment and to discharge, resentence, grant a new trial, or correct a sentence upon finding in favor of the defendant is deleted.

Next, current subdivision (e) (Movant's Presence Not Required) is redesignated as (g), retitled as "Defendant's Presence Not Required," and is amended, as proposed, to clarify that the defendant's presence is required only at an evidentiary hearing on the merits of any claim.

Current subdivision (f) (Successive Motions) is redesignated as (h) and is substantially rewritten. We adopt new subdivision (h)(1), requiring, as proposed, that a second or successive motion be titled "Second or Successive Motion for Postconviction Relief." In addition, we retain with some modification the current language as subdivision (h)(2), which pertains to dismissals of a second or successive motion.

Current subdivision (g) (Service on Parties) is redesignated as (i) and is amended, as proposed, to clarify that the clerk of court must serve on the parties a copy of any order issued in the rule 3.850 proceeding.

Next, current subdivision (h) (Rehearing) is redesignated as (j), and is amended to state that a motion for rehearing in rule 3.850 proceedings is not necessary to preserve an issue for appeal and to include the requirement that the motion be "based on a good faith belief that the court has overlooked a previously argued issue of fact or law or an argument based on a legal precedent or statute not available prior to the court's ruling." Additionally, on our own motion, we amend this subdivision to provide time limitations for the response to and the disposition of a motion for rehearing. These amendments are intended to facilitate the trial court's correction of an obvious error without the expense or delay occasioned by an appeal.

Current subdivision (i) (Appeals) is redesignated as (k) and is amended to clarify that only the final order disposing of the motion for postconviction relief is appealable. To that end, the amended rule requires final orders denying a rule 3.850 motion to state that the defendant has the right to appeal within thirty days of rendition of the order and further provides that all nonfinal, nonappealable orders should state that the defendant has no right to appeal the order until entry of the final order.

On our own motion, we amend current subdivision (j) (Belated Appeals). The subdivision is redesignated subdivision (*l*) (Belated Appeals and Discretionary Review), to include the provision for belated discretionary review based on the elimination of current subdivision (k) (Belated Discretionary Review) as proposed.

Finally, we adopt new subdivision (n) (Certification of Defendant; Sanctions), which replaces current subdivision (m) (Frivolous or Malicious Collateral Criminal Pleadings or Motions), which is deleted. New subdivision (n) is a complete rewrite of the subdivision addressing frivolous or malicious filings by defendants. The provision is intended to require postconviction defendants to take formal steps that communicate the significance of filing a document with a court and to set forth a sanction mechanism to deter frivolous postconviction motions, thus protecting the courts and other litigants from abuse of the postconviction process. We have modified the provision to also apply to the filing of an improper habeas petition seeking relief that should be or was sought by motion under rule 3.850.

### Rule 3.851 (Collateral Relief after Death Sentence has been Imposed and Affirmed on Direct Appeal)

The proposed amendments to rule 3.851, governing postconviction motions in capital cases, are relatively minor.[8] We adopt the amendments as proposed.

---

8. The proposal to amend rule 3.851(f) to substitute the word "paper" with the word "document" was previously adopted in In re Amendments to the Florida

Subdivision (b) of the rule is amended to substitute the phrase "Justice Administrative Commission" for the phrase "Commission on Capital Cases." New subdivision (c)(5) (Record on Appeal) is adopted to facilitate the timely transfer of the record on appeal from this Court to the records repository after the appointment of postconviction counsel. Lastly, subdivision (f)(5) (Case Management Conference; Evidentiary Hearing) is amended to shift the timing of discovery for the State and to extend the time for the trial court to hold an evidentiary hearing.

## CONCLUSION

Accordingly, the Florida Rules of Criminal Procedure and the Florida Rules of Appellate Procedure are hereby amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The Court Commentary is offered for explanation only and is not adopted as an official part of the rules. The amendments shall become effective nunc pro tunc on July 1, 2013, at 12:01 a.m.

We thank the Florida Supreme Court Criminal Court Steering Committee and the Postconviction Relief Subcommittee for their hard work and thorough recommendations. We also thank the Commission on District Court of Appeal

---

Rules of Civil Procedure, the Florida Rules of Judicial Administration, the Florida Rules of Criminal Procedure, the Florida Probate Rules, the Florida Small Claims Rules, the Florida Rules of Juvenile Procedure, the Florida Rules of Appellate Procedure, and the Florida Family Law Rules of Procedure—Electronic Filing, 102 So. 3d 451 (Fla. 2012).

Performance and Accountability, the Commission on Trial Court Performance and

Accountability, and their Postconviction Rules Workgroup for the essential

contributions made to this effort to refine the postconviction relief process. We

also express our appreciation to the Florida Public Defender Association, the

Florida Association of Criminal Defense Lawyers, The Florida Bar's Appellate

Court Rules Committee and Criminal Procedure Rules Committee, the Innocence

Project of Florida, and the individual commentors who provided the Court with

valuable input.

It is so ordered.

LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
POLSTON, C.J., concurs in part and dissents in part.
PARIENTE, J., concurs in part and dissents in part with an opinion.
CANADY, J., concurs in part and dissents in part with an opinion, in which
POLSTON, C.J., concurs.

NO MOTION FOR REHEARING WILL BE ALLOWED.


PARIENTE, J., concurring in part and dissenting in part.

I commend the extensive work that has been done by the members of the

various committees, who over many years have endeavored to improve the

postconviction process. I write to address the amendments to the Rules of

Criminal Procedure that the Court now adopts and to explain my view that along

with these rule changes, the criminal justice system must give serious

consideration to other innovations, such as the use of standard forms and evolving technology, to further improve the postconviction process.

## I. The New Amendments

With respect to the amendments adopted by the Court today, I agree with the majority's decision, except as follows. First, as to newly adopted rule 3.801 that limits the time for correction of jail credit to one year after the sentence becomes final, although I would consider some limitations on the filing of successive motions, I continue to adhere to the view that a defendant should never be required to serve any more time in prison than he or she is legally required to serve. As I stated in my concurring in result only opinion in State v. McBride, this Court has observed "that the State recognizes that it 'has no interest in any defendant serving a sentence that is longer than the sentence authorized by law.' " 848 So. 2d 287, 294 (Fla. 2003) (Pariente, J., concurring in result only) (quoting Maddox v. State, 760 So. 2d 89, 99 (Fla. 2000)). Indeed, I explained in McBride that "the entire justice system certainly has an interest in ensuring that the defendant is not incarcerated longer than is authorized by law, or under illegal terms. The courts have an obligation to correct any such error whenever it is brought to their attention." Id. (Pariente, J., concurring in result only).

In this regard, a sentence not granting "proper credit for time served" was deemed so important that it was specifically mentioned in rule 3.800(a) as an error

that could be corrected at any time.  Fla. R. Crim. P. 3.800(a).  As this Court held

in State v. Mancino:

> [S]ince a defendant is entitled to credit for time served as a matter of
> law, "common fairness, if not due process, requires that the State
> concede its error and correct the sentence 'at any time.' "  For that
> reason, a prisoner should ordinarily first seek prompt administrative
> relief in the corrections system before going to the circuit court for
> relief under rule 3.800(a), mandamus or habeas corpus.  <u>Of course, the
> trial court and counsel for the State and the defendant should be alert
> to see that provision is always made in sentencing for a defendant to
> receive credit for all time already served</u>.

714 So. 2d 429, 433 (Fla. 1998) (emphasis supplied) (citation omitted) (quoting

Chojnowski v. State, 705 So. 2d 915, 918 (Fla. 2d DCA 1997) (Altenbernd, J.,

concurring specially)).

I agree with the comments filed by the Florida Public Defender Association

(FPDA) that the special procedure for jail credit adopted through rule 3.801 is

"unnecessarily restrictive" and that it would make more sense to instead utilize rule

3.800(b) and rule 3.850 to correct these errors.  As the FPDA also points out,

newly adopted rule 3.801 eliminates a court's power after one year to correct errors

even obvious on the face of the record and apparently eliminates the "manifest

injustice" exception to litigating an otherwise barred claim.  In addition, valid

concerns have been raised as to whether this new rule addresses only county jail

credit or all credit issues.

- 15 -

Further, the requirement in rule 3.801 of a one-year time limitation on the filing of a motion to correct jail credit from the time the sentence becomes final means that these motions must now be filed sooner than motions to vacate, set aside, or correct a sentence under rule 3.850. At the very least, I believe that the time for filing a motion to correct a sentence due to improperly calculated jail credit should be expanded to correspond with the time limitations in rule 3.850.

Not only is jail credit now removed from the scope of rule 3.800(a), but the pleading requirements of newly enacted rule 3.801 place the burden entirely on the defendant, who will most likely be unrepresented at this stage of the proceedings. In my view, the simplest solution to the problem sought to be remedied through the adoption of rule 3.801 would be to have a procedure <u>at the time of sentencing</u> to ensure the accurate calculation of credit for time served. Advancements in technology certainly make this an achievable goal.

With the adoption of rule 3.801 and the strict time limits imposed, defense counsel and prosecutors, as well as the trial courts, should take steps to <u>ensure</u> that the calculation of jail credit is accurate at the time of sentencing. Indeed, such an approach has always been the best way to limit subsequent challenges based on jail credit and to ensure the accuracy of the sentence imposed. Specifically, Judge Altenbernd of the Second District Court of Appeal brought this issue into focus over fifteen years ago:

Many, if not most, jail credit issues do not appear on the face of the record available to the trial court. Either the trial court does not have access to the jail records described by the prisoner or the prisoner is claiming a factual error in those records. There is no valid reason to allow such factual issues to be raised at any time in an unsworn motion.

Thus, rule 3.850 currently provides the best procedure for a prisoner to resolve jail credit issues because it allows for a sworn pleading and the orderly resolution of factual disputes relating to sentencing. These motions, however, cannot be filed during the pendency of an appeal. At least in this district, with our public defender's backlog, unless the defendant chooses to forego his or her constitutional right to appeal, it will be difficult for the trial court to resolve a factual issue relating to jail credit before the prisoner fully serves any sentence that is less than 3 years' imprisonment. Even if the trial court manages to reach the issue in time, a delayed evidentiary hearing is a highly inefficient method to resolve jail credit problems.

I do not profess to be an expert on the best methods to record and calculate jail credit. I do know, however, that the Department of Corrections already calculates prison credit when a trial judge checks the box for prison credit on the written sentence. In this computer age, the legislature could authorize the Department to obtain statewide records for use in all cases. I believe the trial court should at least have the option of allowing the Department to calculate jail credit in complex cases. This certainly would be better than forcing trial judges to scribble calculations while reciting "thirty days hath September" at every sentencing hearing.

If it is not feasible for the legislature to delegate this task to the Department, then the supreme court should consider the creation of a specific rule of procedure to allow these matters to be processed in the trial courts and reviewed on appeal in a timely and efficient manner.

Chojnowski, 705 So. 2d at 918-19 (Altenbernd, J., concurring specially)

(footnotes omitted). I am simply not convinced that the new procedure for jail

credit the Court adopts today will allow these issues to be processed in a timely

and efficient manner, or that rule 3.801 adequately preserves a defendant's right to never have to serve more time in prison than legally required.

Second, as to the change to rule 3.850(c) that requires the attachment of an affidavit for all newly discovered evidence claims, although I agree with the requirement, I am also concerned that there may be real limits on an unrepresented prisoner's ability to obtain a properly executed affidavit. I therefore urge the trial courts to liberally construe the alternative provision that if the affidavit is not attached to the motion, "the defendant shall provide an explanation why the required affidavit could not be obtained."

Third, as to the changes to current subdivision rule 3.850(d), which is now designated as subdivision (f), I concur with the adoption of this substantially amended subdivision with the express understanding that the amended subdivision codifies existing law and is not intended to change the law, as set forth in the commentary to the 2012 amendment. Finally, the same caveat applies to the subdivision now designated as rule 3.850(g).

## II. Broader Considerations

As to the larger picture, the goal of both the committee members and this Court has been to streamline the postconviction process and to limit the filing of successive motions, while concomitantly preserving the rights of convicted defendants. Against this backdrop is the reality that the vast majority of those

prisoners filing postconviction motions are unrepresented and, because of limitations on access to computers and typewriters, the majority of the petitions this Court and other courts receive are handwritten—and oftentimes even illegible.

History and experience reveal that the majority of the pro se filings in postconviction proceedings, appeals, and original writs at all levels of the court system, including the Florida Supreme Court, are without merit. A number of these filings are successive and frivolous, representing an abuse of the process. The further truth of the matter is that as defendants in Florida have increasingly been subject to lengthier prison terms, including mandatory minimums, courts have seen an increase in the number of postconviction filings.

The amount of postconviction filings received in each of Florida's five district courts of appeal, for instance, has increased dramatically over the last two decades. In the fiscal year 1992-93, the First District Court of Appeal received 358 postconviction filings and the Second District Court of Appeal received 650. By 2011-12, however, those numbers had essentially tripled, with the First District receiving 1,178 postconviction filings and the Second District receiving a district court high of 1,825.

This same pattern is evident in the number of circuit court filings for postconviction relief. Individual circuits have almost universally experienced an increase in postconviction filings over the last decade alone. In the fiscal year

2002-03, Florida's twenty circuits received a total of 10,005 motions for postconviction relief. In 2011-12, the circuit courts received almost twice as many postconviction filings—18,681.

Despite this objective reality, however, we must always remember another essential truth about our system of justice: that, among the avalanche of postconviction filings, there always exists the possibility of a defendant who in fact is entitled to relief, either from his or her conviction or from the sentence—including the possibility of actual innocence or credible newly discovered evidence that sheds doubt on the validity of the conviction. Thus, I am convinced that, on the front end, mandating and adopting standard forms for prisoners to use and exploring electronic filing of postconviction petitions would be two significant steps toward our ultimate goal of reforming an "unwieldy postconviction process" while achieving a "balance between the rights of the convicted defendants and the appropriate use of court resources." Majority op. at 3. I believe that standard forms and electronic filing would increase efficiency by enabling courts to track postconviction filings by individual prisoners, more easily ensuring that the process is not being abused and that multiple levels of courts are not reviewing the same filings, and reducing the possibility that a petition with merit is overlooked in the avalanche of pro se filings courts now receive.

Because the ultimate issue is the efficient, effective, timely, and fair administration of justice, I also note that, in the 2006 Report of the Postconviction Rules Workgroup, the Committee consisting of trial and appellate court judges observed that the addition of forms for use by prisoners, as well as the ability to handle these filings electronically, would be two ways that the judicial system could balance efficiency with fairness. As set forth in the report authored by Judge Altenbernd:

> Just as a more extensive collection of form motions and orders was required to assist pro se litigants in family law cases, the Workgroup believes that more extensive forms are needed to assist the litigants and the courts in processing postconviction proceedings.
>
> It is often cumbersome and time-consuming to amend rules of procedures. Forms can be more readily adjusted. The law of postconviction is frequently affected by an issue that generates many motions for a short period of time. . . .
>
> There is little question that a significant percentage of all motions filed by prisoners have little or no merit. The typical prisoner, however, is untrained in the law, given no adequate form pleadings, and is represented, at best, by other prisoners with limited paralegal training or experience. It is often difficult or impossible to distinguish between a prisoner who is ignorant of the law and one who is filing motions in bad faith. The fact that a prisoner often has limited education and may suffer from mental illness makes this process even more difficult.
>
> This state wisely has a constitutional provision that guarantees "every person" access to the courts. Art. I, § 21, Fla. Const. Nevertheless, the courts must occasionally take steps to sanction or control people who abuse this constitutional right. Within the Workgroup, it was obvious that the members who deal directly with the prisoners in the trial courts feel a strong need to have the power of sanction. Those who deal indirectly with the prisoners in the appellate court are more skeptical about the efficacy of sanctions in this context. It remains at least debatable whether the additional judicial process

- 21 -

required in the trial courts to impose sanctions and the inevitable appeals that would arise from additional sanction orders might create costs that outweigh the benefit of sanctions.

If the rules were changed and more forms were created to simplify the legal tasks expected of prisoners, it would be easier to identify the prisoners who should be sanctioned. . . .

. . . .

Because prisoners have essentially no access to computer technology, their motions cannot currently be filed electronically. The courts must serve orders on prisoners by standard mail. The requirement that the trial court attach court records to refute conclusively the allegations in the motion results in massive copying. This is an expensive and inefficient way to process postconviction motions. It was workable and necessary in 1988, but it is no longer the best method to manage this case load.

The Workgroup is making no recommendation in Appendix A to solve this problem, in part, because the technology required to solve this problem is beyond our expertise and, in part, because the Department of Corrections would need to be a willing partner in solving this problem. It should be emphasized that appellate proceedings filed by prisoners are now approximately one-third of all filings in the district courts. An electronic filing system in the trial courts and appellate courts cannot achieve maximum efficiency until filings from prisoners are received electronically.

Comm. on Performance & Accountability, Report of the Postconviction Rules Workgroup 10-13 (Sept. 1, 2006) (on file with Court Adm'r, Fla. Sup. Ct.) (emphasis supplied).

The observations made by the Postconviction Rules Workgroup in 2006 are as true today as they were almost seven years ago when the report was issued. Without improving efficiency in the process, including requiring prisoners to file postconviction motions electronically through the use of specified forms, as well as an examination of best practices throughout the circuits, including the entry of a

written sentence on the day it is pronounced, the judicial system will continue to struggle with the enormous workload and concomitant responsibility placed on all of those who are committed to the fair and efficient administration of justice.[9]  I urge the Department of Corrections, together with the court system, to explore ways in which electronic filing could lessen the workload and increase efficiency for all those involved in this process.

### III.  Conclusion

Accordingly, for the reasons stated, I concur in part and dissent in part with respect to the Court's adoption of these amendments to the Rules of Criminal Procedure.  In addition, I thank the committee members for their diligent work to improve the postconviction process and stress that the broader considerations I have outlined here should remain a focus of all those who seek fairness and efficiency in our criminal justice system.

---

9.  A further examination might be helpful in analyzing whether any of the reasons that have given rise to the massive increase in postconviction filings could be influenced by local best practices.  For example, an analysis of the 18,681 filings of motions for postconviction relief in the circuit courts in the fiscal year 2011-12 revealed a huge disparity in the filings among the various circuits.  The Eleventh Circuit had a high among the twenty circuits of 5,313 filings, with the Seventeenth Circuit coming in a close second at 4,840 filings.  Other large circuits like the Ninth, Thirteenth, and Fifteenth had only, respectively, 475, 412, and 606 filings in that same time period.  There may be easily explainable reasons for the glaring disparities between these circuits, but the large variance is certainly reason for further study.

CANADY, J., concurring in part and dissenting in part.

I disagree with the majority's decision to reject the proposed deletion of rule 3.170(*l*). On balance, I believe it would be more consistent with the effective and efficient administration of justice to address the issues brought under this rule in the context of rule 3.850 proceedings. Otherwise, I concur with the majority opinion.

POLSTON, C.J., concurs.

Original Proceeding – Criminal Courts Steering Committee, Florida Criminal Procedure Rules Committee and Florida Appellate Rules Committee

Honorable Kevin M. Emas, Chair, Criminal Courts Steering Committee, Miami, Florida, and Bart Schneider, Senior Attorney, Office of State Courts Administrator, Tallahassee, Florida; John F. Harkness, Jr., Executive Director and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida and the Honorable James C. Hankinson, Chair, Post-Conviction Relief Subcommittee, Tallahassee, Florida,

    for Petitioner

Mark Caliel, Chair, Criminal Procedure Rules Committee, Jacksonville, Florida, the Honorable Donald Eugene Scaglione, Past Chair, Criminal Procedure Rules Committee, Brooksville, Florida, Michael Robert Ufferman, Chair, Appellate Court Rules Committee, Tallahassee, Florida, Jamie Billotte Moses, Past Chair, Appellate Court Rules Committee, Orlando, Florida, Seth Elliot Miller and Michael J. Minerva of the Innocence Project of Florida, Tallahassee, Florida, Scott N. Errico, Jonathan N. Diament and David W. Talley, Sumter Correctional Institution, Bushnell, Florida, Glen Phillip Gifford and Andrew McBride Stanton of the Florida Public Defender Association, Tallahassee, Florida, Sonya Rudenstine of the Florida Association of Criminal Defense Lawyers, Gainesville, Florida, Joe F. Daiak, Jr. of Lake Correctional Institution, Clermont, Florida and Reginal L. Holston of South Bay Correctional Institution, South Bay, Florida,

    Responding with comments

# APPENDIX

**RULE 3.800.**  **CORRECTION, REDUCTION, AND MODIFICATION OF SENTENCES**

**(a)**  **Correction**.  A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, ~~or a sentence that does not grant proper credit for time served~~ when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal.  A defendant may seek correction of an allegedly erroneous sexual predator designation under this subdivision, but only when it is apparent from the face of the record that the defendant did not meet the criteria for designation as a sexual predator.  All orders denying motions under this subdivision shall include a statement that the movant has the right to appeal within 30 days of rendition of the order.

**(b)**  **Motion to Correct Sentencing Error.**  A motion to correct any sentencing error, including an illegal sentence, may be filed as allowed by this subdivision.  This subdivision shall not be applicable to those cases in which the death sentence has been imposed and direct appeal jurisdiction is in the Supreme Court under article V, section 3(b)(1) of the Florida Constitution.  The motion must identify the error with specificity and provide a proposed correction.  A response to the motion may be filed within 15 days, either admitting or contesting the alleged error.  Motions may be filed by the state under this subdivision only if the correction of the sentencing error would benefit the defendant or to correct a scrivener's error.

(1)  Motion Before Appeal.  During the time allowed for the filing of a notice of appeal of a sentence, a defendant or the state may file a motion to correct a sentencing error.

(A) This motion shall stay rendition under Florida Rule of Appellate Procedure 9.020(~~h~~i).

(B) Unless the trial court determines that the motion can be resolved as a matter of law without a hearing, it shall hold a calendar call no later

- 25 -

than 20 days from the filing of the motion, with notice to all parties, for the express purpose of either ruling on the motion or determining the need for an evidentiary hearing.  If an evidentiary hearing is needed, it shall be set no more than 20 days from the date of the calendar call.  Within 60 days from the filing of the motion, the trial court shall file an order ruling on the motion.  If no order is filed within 60 days, the motion shall be considered denied.  A party may file a motion for rehearing of any order entered under subdivisions (a) and (b) of this rule within 15 days of the date of service of the order or within 15 days of the expiration of the time period for filing an order if no order is filed.  A response may be filed within 10 days of service of the motion.  The trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought.  If no order is filed within 40 days, the motion is deemed denied.  A timely filed motion for rehearing shall toll rendition of the order subject to appellate review and the order shall be deemed rendered 40 days from the order of which rehearing is sought, or upon the filing of a written order denying the motion for rehearing, whichever is earlier.

(2) [No Change]

**(c)**    [No Change]

## Committee Notes
[No Change]

## Court Commentary
[No Change]

## RULE 3.801.    CORRECTION OF JAIL CREDIT

**(a)    Correction of Jail Credit.**  A court may correct a sentence that fails to allow a defendant credit for all of the time he or she spent in the county jail before sentencing as provided in section 921.161, Florida Statutes.

**(b)    Time Limitations.**  No motion shall be filed or considered pursuant to this rule if filed more than 1 year after the sentence becomes final. For sentences imposed prior to July 1, 2013, a motion under this rule may be filed on or before July 1, 2014.

**(c)    Contents of Motion.**  The motion shall be under oath and include:

(1)     a brief statement of the facts relied on in support of the motion;

(2)     the dates, location of incarceration and total time for credit already provided;

(3)     the dates, location of incarceration and total time for credit the defendant contends was not properly awarded;

(4)     whether any other criminal charges were pending at the time of the incarceration noted in subdivision (c)(3), and if so, the location, case number and resolution of the charges; and

(5)     whether the defendant waived any county jail credit at the time of sentencing, and if so, the number of days waived.

**(d)     Successive Motions.**  No successive motions for jail credit will be considered.

**(e)     Incorporation of Portions of Florida Rule of Criminal Procedure 3.850.**  The following subdivisions of Florida Rule of Criminal Procedure 3.850 apply to proceedings under this rule: 3.850(e), (f), (j), (k), and (n).

### Court Commentary

**2013 Adoption.**  All jail credit issues must be handled pursuant to this rule. The rule is intended to require that jail credit issues be dealt with promptly, within 1 year of the sentence becoming final.  No successive motions for jail credit will be allowed.

### RULE 3.850.     MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

**(a) – (b)**     [No Change]

**(c)     Contents of Motion.**  The motion ~~shall~~must be under oath ~~and~~stating that the defendant has read the motion or that it has been read to him or her, that the defendant understands its content, and that all of the facts stated therein are true and correct.  The motion must also include an explanation of:

(1) the judgment or sentence under attack and the court ~~which~~that rendered the same;

(2) whether the judgment resulted from a plea or a trial;

(~~2~~3) whether there was an appeal from the judgment or sentence and the disposition thereof;

(~~3~~4) whether a previous postconviction motion has been filed, and if so, how many;

(~~4~~5) if a previous motion or motions have been filed, the reason or reasons the claim or claims in the present motion were not raised in the former motion or motions;

(~~5~~6) the nature of the relief sought; and

(~~6~~7) a brief statement of the facts ~~(and other conditions)~~ relied on in support of the motion.

This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence. ~~Motions shall be typewritten or hand-written in legible printed lettering, in blue or black ink, double-spaced, with margins no less than 1 inch on white 8 1/2-by-11 inch paper. No motion, including any memorandum of law, shall exceed 50 pages without leave of the court upon a showing of good cause.~~ If the defendant is filing a newly discovered evidence claim based on recanted trial testimony or on a newly discovered witness, the defendant shall include an affidavit from that person as an attachment to his or her motion. For all other newly discovered evidence claims, the defendant shall attach an affidavit from any person whose testimony is necessary to factually support the defendant's claim for relief. If the affidavit is not attached to the motion, the defendant shall provide an explanation why the required affidavit could not be obtained.

**(d) Form of Motion.** Motions shall be typewritten or hand-written in legible printed lettering, in blue or black ink, double-spaced, with margins no less than 1 inch on white 8 1/2-by-11 inch paper. No motion, including any memorandum of law, shall exceed 50 pages without leave of the court upon a showing of good cause.

**(e)    Amendments to Motion.**  When the court has entered an order under subdivision (f)(2) or (f)(3), granting the defendant an opportunity to amend the motion, any amendment to the motion must be served within 60 days.  A motion may otherwise be amended at any time prior to either the entry of an order disposing of the motion or the entry of an order pursuant to subdivision (f)(5) or directing that an answer to the motion be filed pursuant to (f)(6), whichever occurs first.  Leave of court is required for the filing of an amendment after the entry of an order pursuant to subdivision (f)(5) or (f)(6).  Notwithstanding the timeliness of an amendment, the court need not consider new factual assertions contained in an amendment unless the amendment is under oath.  New claims for relief contained in an amendment need not be considered by the court unless the amendment is filed within the time frame specified in subdivision (b).

**(~~d~~f)    Procedure; Evidentiary Hearing; Disposition.**  On filing of a ~~rule 3.850~~ motion under this rule, the clerk shall forward the motion and file to the court.  Disposition of the motion shall be in accordance with the following procedures, which are intended to result in a single, final, appealable order that disposes of all claims raised in the motion.

**(1)    Untimely and Insufficient Motions.**  If the motion is insufficient on its face, and the time to file a motion under this rule has expired prior to the filing of the motion, the court shall enter a final appealable order summarily denying the motion with prejudice.

**(2)    Timely but Insufficient Motions.**  If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion.  If the amended motion is still insufficient or if the defendant fails to file an amended motion within the time allowed for such amendment, the court, in its discretion, may permit the defendant an additional opportunity to amend the motion or may enter a final, appealable order summarily denying the motion with prejudice.

**(3)    Timely Motions Containing Some Insufficient Claims.**  If the motion sufficiently states one or more claims for relief and it also attempts but fails to state additional claims, and the motion is timely filed under this rule, the court shall enter a nonappealable order granting the defendant 60 days to amend the motion to sufficiently state additional claims for relief.  Any claim for which the insufficiency has not been cured within the time allowed for such amendment shall

be summarily denied in an order that is a nonfinal, nonappealable order, which may be reviewed when a final, appealable order is entered.

**(4)    Motions Partially Disposed of by the Court Record.**  If the motion sufficiently states one or more claims for relief but the files and records in the case conclusively show that the defendant is not entitled to relief as to one or more claims, the claims that are conclusively refuted shall be summarily denied on the merits without a hearing.  A copy of that portion of the files and records in the case that conclusively shows that the defendant is not entitled to relief as to one or more claims shall be attached to the order summarily denying these claims.  The files and records in the case are the documents and exhibits previously filed in the case and those portions of the other proceedings in the case that can be transcribed. An order that does not resolve all the claims is a nonfinal, nonappealable order, which may be reviewed when a final, appealable order is entered.

**(5)    Motions Conclusively Resolved by the Court Record.**  If the motion is legally sufficient but all grounds in the motion can be conclusively resolved either as a matter of law or by reliance upon the records in the case, the motion shall be denied without a hearing by the entry of a final order.  If the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief shall be attached to the final order.

**(6)    Motions Requiring a Response from the State Attorney.** IfUnless the motion, files, and records in the case conclusively show that the movantdefendant is entitled to no relief, the motion shall be denied without a hearing.  In those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief shall be attached to the order.  Unless the motion, files, and records of the case conclusively show that the movant is entitled to no relief, the court shall order the state attorney to file, within the time fixed by the court, an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriatethe motion.  The answer shall respond to the allegations of the contained in the defendant's sufficiently pleaded claims, describe any matters in avoidance of the sufficiently pleaded claims, state whether the defendant has used any other available state postconviction remedies including any other motion under this rule, and state whether the defendant has previously been afforded an evidentiary hearing.  In addition it shall state whether the movant has used any other available state remedies including any other postconviction motion under this rule.  The

answer shall also state whether an evidentiary hearing was accorded the movant. If the motion has not been denied at a previous stage in the proceedings, the judge, after the answer is filed, shall determine whether an evidentiary hearing is required. If an evidentiary hearing is not required, the judge shall make appropriate disposition of the motion.

**(7)    Appointment of Counsel.**  The court may appoint counsel to represent the defendant under this rule.  The factors to be considered by the court in making this determination include: the adversary nature of the proceeding, the complexity of the proceeding, the complexity of the claims presented, the defendant's apparent level of intelligence and education, the need for an evidentiary hearing, and the need for substantial legal research.

**(8)    Disposition by Evidentiary Hearing.**

(A)    If an evidentiary hearing is required, the court shall grant a prompt hearing ~~thereon~~ and shall cause notice ~~thereof~~ to be served on the state attorney and the defendant or defendant's counsel, and shall determine the issues, and make findings of fact and conclusions of law with respect thereto.  ~~If the court finds that the judgment was rendered without jurisdiction, that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the movant as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge or resentence the movant, grant a new trial, or correct the sentence as may appear appropriate.~~

(B)    At an evidentiary hearing, the defendant shall have the burden of presenting evidence and the burden of proof in support of his or her motion, unless otherwise provided by law.

(C)    The order issued after the evidentiary hearing shall resolve all the claims raised in the motion and shall be considered the final order for purposes of appeal.

**(eg)    ~~Movant's~~Defendant's Presence Not Required.**  ~~A court may entertain and determine the motion without requiring the production of the movant at the hearing.~~The defendant's presence shall not be required at any hearing or conference held under this rule except at the evidentiary hearing on the merits of any claim.

- 31 -

**(fh)** **Successive Motions.**

(1)  A second or successive motion must be titled: "Second or Successive Motion for Postconviction Relief."

(2)  A second or successive motion is an extraordinary pleading. Accordingly, a court may dismiss a second or successive motion if the court ~~may be dismissed if the judge~~ finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the ~~movant~~ defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure ~~governed by these rules~~ or there was no good cause for the failure of the defendant or defendant's counsel to have asserted those grounds in a prior motion. When a motion is dismissed under this subdivision, a copy of that portion of the files and records necessary to support the court's ruling shall accompany the order denying the motion.

**(gi)** **Service on Parties.** The clerk of the court shall promptly serve on the parties a copy of any order ~~addressing a motion~~entered under this rule, noting thereon the date of service by an appropriate certificate of service.

**(hj)** **Rehearing.** ~~The~~Any party may file a motion for rehearing of any ~~final~~ order addressing a motion under this rule within 15 days of the date of service of the ~~final~~ order. A motion for rehearing is not required to preserve any issue for review in the appellate court. A timely filed motion for rehearing shall toll finality of any final order addressing a motion under this rule. A motion for rehearing must be based on a good faith belief that the court has overlooked a previously argued issue of fact or law or an argument based on a legal precedent or statute not available prior to the court's ruling. A response may be filed within 10 days of service of the motion. The trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. If no order is filed within 40 days, the motion is deemed denied.

**(ik)** **Appeals.** An appeal may be taken to the appropriate appellate court only from ~~a~~the final order ~~addressing a~~disposing of the motion ~~under this rule~~. All final orders ~~addressing a~~denying motions ~~under this rule~~for postconviction relief shall include a statement that the ~~party~~defendant has the right to appeal within 30 days of the rendition of the ~~final~~ order. All nonfinal, nonappealable orders ~~addressing motions under this rule shall~~entered pursuant to subdivision (f) should

- 32 -

include a statement that ~~"this order is a nonfinal, nonappealable~~the defendant has no right to appeal the order until entry of the final order.~~"~~

(~~j~~*l*)    **Belated Appeals and Discretionary Review.**  Pursuant to the ~~terms and~~ procedures outlined in Florida Rule of Appellate Procedure 9.141~~(c)~~, a ~~petitioner~~ defendant may seek a belated appeal or discretionary review.

~~(k)    **Belated Discretionary Review.**  Pursuant to the terms and procedures outline in Florida Rule of Appellate Procedure 9.141(c), a petitioner may seek belated discretionary review.~~

(~~l~~**m**)   **Habeas Corpus.**  [No Change]

~~(m)    **Frivolous or Malicious Collateral Criminal Pleadings or Motions.** A prisoner, who is found by a court to have brought a frivolous or malicious collateral criminal proceeding, or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections. The prisoner may also be prohibited from filing future pro se pleadings attacking his or her conviction and sentence.~~

~~Upon its own motion or on motion of a party, the court may conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith by issuing an order stating the essential facts constituting the frivolous or malicious nature of the collateral criminal proceeding, requiring the defendant to show cause why the prisoner should not be prevented from bringing further attacks on his or her conviction and sentence, and to explain why he or she is not abusing the legal process. The order shall allow a reasonable time for preparation and response by the prisoner, after service of the order on the prisoner. The court shall direct the clerk of the court to forward a certified copy of the order to show cause to the prisoner.~~

~~Upon receipt of the prisoner's response to the order to show cause, if any, or upon expiration of the time allowed for the prisoner's response, the court shall determine whether the pleading or paper was frivolous or malicious. If supported by the record, the court shall enter an order with written findings that a motion for postconviction relief is frivolous or malicious, preventing the prisoner from bringing further attacks on his or her conviction and sentence, directing the clerk of the court not to accept any further pro se filings or pleadings concerning the subject case, further directing the clerk of the court to summarily reject any further~~

~~pleadings and papers regarding the case unless that pleading or paper is filed by a member in good standing of The Florida Bar, and that a certified copy of the order be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in Chapter 944, Florida Statutes. The prisoner shall also be served with a certified copy of the written order.~~

**(n)    Certification of Defendant; Sanctions.** No motion may be filed pursuant to this rule unless it is filed in good faith and with a reasonable belief that it is timely, has potential merit, and does not duplicate previous motions that have been disposed of by the court.

(1)    By signing a motion pursuant to this rule, the defendant certifies that: the defendant has read the motion or that it has been read to the defendant and that the defendant understands its content; the motion is filed in good faith and with a reasonable belief that it is timely filed, has potential merit, and does not duplicate previous motions that have been disposed of by the court; and, the facts contained in the motion are true and correct.

(2)    The defendant shall either certify that the defendant can understand English or, if the defendant cannot understand English, that the defendant has had the motion translated completely into a language that the defendant understands. The motion shall contain the name and address of the person who translated the motion and that person shall certify that he or she provided an accurate and complete translation to the defendant. Failure to include this information and certification in a motion shall be grounds for the entry of an order dismissing the motion pursuant to subdivision (f)(1), (f)(2), or (f)(3).

(3)    Conduct prohibited under this rule includes, but is not limited to, the following: the filing of frivolous or malicious claims; the filing of any motion in bad faith or with reckless disregard for the truth; the filing of an application for habeas corpus subject to dismissal pursuant to subdivision (m); the willful violation of any provision of this rule; and the abuse of the legal process or procedures governed by this rule.

The court, upon its own motion or on the motion of a party, may determine

whether a motion has been filed in violation of this rule.  The court shall issue an order setting forth the facts indicating that the defendant has or may have engaged in prohibited conduct.  The order shall direct the defendant to show cause, within a reasonable time limit set by the court, why the court should not find that the defendant has engaged in prohibited conduct under this rule and impose an appropriate sanction.  Following the issuance of the order to show cause and the filing of any response by the defendant, and after such further hearing as the court may deem appropriate, the court shall make a final determination of whether the defendant engaged in prohibited conduct under this subsection.

(4)     If the court finds by the greater weight of the evidence that the defendant has engaged in prohibited conduct under this rule, the court may impose one or more sanctions, including:

(A)     contempt as otherwise provided by law;

(B)     assessing the costs of the proceeding against the defendant;

(C)     dismissal with prejudice of the defendant's motion;

(D)     prohibiting the filing of further pro se motions under this rule and directing the clerk of court to summarily reject any further pro se motion under this rule;

(E)     requiring that any further motions under this rule be signed by a member in good standing of The Florida Bar, who shall certify that there is a good faith basis for each claim asserted in the motion; and/or

(F)     if the defendant is a prisoner, a certified copy of the order be forwarded to the appropriate institution or facility for consideration of disciplinary action against the defendant, including forfeiture of gain time pursuant to Chapter 944, Florida Statutes.

(5)     If the court determines there is probable cause to believe that a sworn motion contains a false statement of fact constituting perjury, the court may refer the matter to the state attorney.

**Committee Notes**
[No Change]

**Court Commentary**

**1996 Court Commentary.**  [No Change]

**2013 Amendment.**

Rule 3.850 has been revised to address several issues identified by the Postconviction Rules Workgroup in 2006 and by the Criminal Court Steering Committee and the Subcommittee on Postconviction Relief in 2011.

**Rule 3.850(d).**  New subdivision (d) is derived from the final two sentences formerly contained in subdivision (c).

**Rule 3.850(e).**  Subdivision (e) was added to codify existing case law on amendments to postconviction motions and to comport with subdivision (f).

**Rule 3.850(f).**  Subdivision (f) attempts to set out each of the different options that a trial judge has when considering a motion under this rule.  It reflects the timeframe requirement of subdivision (b) and codifies existing case law regarding timely but facially insufficient motions, partial orders of denial, and the appointment of counsel.  *See, e.g., Spera v. State*, 971 So. 2d 754 (Fla. 2007).

**Rule 3.850(g).**  Subdivision (g) was previously contained in subdivision (e), but the language is largely derived from rule 3.851(c)(3).

**Rule 3.850(h).**  Subdivision (h), formerly rule 3.850(f), was substantially rewritten.

**Rule 3.850(i).**  Subdivision (i) is substantially the same as former subdivision (g).

**Rule 3.850(j).** Subdivision (j) allows both the state and the defendant the right to rehearing and is intended to allow the court to correct an obvious error without the expense and delay of a state appeal. *See King v. State*, 870 So. 2d 69 (Fla. 2d DCA 2003). The statement regarding finality is consistent with Florida Rule of Appellate Procedure 9.020(i) and is intended to clarify the date of rendition of the final order disposing of any motion under this rule.

**Rule 3.850(k).** Subdivision (k), formerly rule 3.850(i), was substantially rewritten to simplify the review process in both the trial and appellate courts and to provide for the efficient disposition of all claims in both courts. The requirement of a statement indicating whether the order is a nonfinal or final order subject to appeal is intended to ensure that all claims will be disposed of by the trial court and addressed in a single appeal.

**Rule 3.850(*l*).** Subdivision (*l*), formerly rule 3.850(j), reflects the consolidation of the subdivision with former rule 3.850(k).

**Rule 3.850(n).** Subdivision (n) is a substantial rewrite of former subdivision (m).

**RULE 3.851.    COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL**

**(a)**    [No Change]

**(b)    Appointment of Postconviction Counsel.**

(1)    Upon the issuance of the mandate affirming a judgment and sentence of death on direct appeal, the Supreme Court of Florida shall at the same time issue an order appointing the appropriate office of the Capital Collateral Regional Counsel or directing the trial court to immediately appoint counsel from the Registry of Attorneys maintained by the ~~Commission on Capital Cases~~Justice Administrative Commission. The name of Registry Counsel shall be filed with the Supreme Court of Florida.

(2)    [No Change]

(3)     Within 15 days after Capital Collateral Regional Counsel or Registry Counsel files a motion to withdraw, the chief judge or assigned judge shall rule on the motion and appoint new postconviction counsel if necessary.  The appointment of new collateral counsel shall be from the Registry of attorneys maintained by the ~~Commission on Capital Cases~~Justice Administrative Commission unless the case is administratively transferred to another Capital Collateral Regional Counsel.

**(c)     Preliminary Procedures.**

**(1) - (4)**     [No Change]

**(5)     Record on Appeal.**  The Clerk of the Supreme Court of Florida shall promptly deliver the record on appeal to the records repository after the appointment of postconviction counsel.

**(d) - (e)**     [No Change]

**(f)     Procedure; Evidentiary Hearing; Disposition.**

**(1) - (4)**     [No Change]

**(5)     Case Management Conference; Evidentiary Hearing.**

**(A)     Initial Postconviction Motion.**  No later than 90 days after the state files its answer to an initial motion, the trial court shall hold a case management conference.  At the case management conference, ~~both parties shall disclose all documentary exhibits that they intend to offer at the evidentiary hearing, provide an exhibit list of all such exhibits, and exchange a witness list with the names and addresses of any potential witnesses.~~ the defendant shall disclose all documentary exhibits that he or she intends to offer at the evidentiary hearing and shall file and serve an exhibit list of all such exhibits and a witness list with the names and addresses of any potential witnesses.  All expert witnesses shall be specifically designated on the witness list and copies of all expert reports shall be attached.  Within 60 days after the case management conference, the state shall disclose all documentary exhibits that it intends to offer at the evidentiary hearing and shall file and serve an exhibit list of all such exhibits and a witness list with the names and addresses of any potential witnesses.  All expert witnesses shall be specifically designated on the witness list and copies of all expert reports shall be attached.  At the case management conference, the trial court shall:

- 38 -

(i)     schedule an evidentiary hearing, to be held within ~~90~~150 days, on claims listed by the defendant as requiring a factual determination;

(ii) - (iii)     [No Change]

**(B) - (D)**     [No Change]

**(6) - (8)**     [No Change]

**(g) - (h)**     [No Change]

**(i)     Dismissal of Postconviction Proceedings.**

(1)     [No Change]

(2)     If the prisoner files the motion pro se, the Clerk of the Court shall serve copies of the motion on counsel of record for both the prisoner and the state.  Counsel of record may file responses within ~~ten~~10 days.

(3)     [No Change]

(4)     The judge shall examine the prisoner at the hearing and shall hear argument of the prisoner, collateral counsel, and the state.  No fewer than ~~two~~2 or more than ~~three~~3 qualified experts shall be appointed to examine the prisoner if the judge concludes that there are reasonable grounds to believe the prisoner is not mentally competent for purposes of this rule.  The experts shall file reports with the court setting forth their findings.  Thereafter, the court shall conduct an evidentiary hearing and enter an order setting forth findings of competency or incompetency.

(5) - (9)     [No Change]

**Court Commentary**

**1993 Adoption - 2006 Amendment.**  [No Change]

**2013 Amendment.**  Only minor amendments are made to rule 3.851.

**RULE 9.140.    APPEAL PROCEEDINGS IN CRIMINAL CASES**

**(a)**    [No Change]

**(b)    Appeals by Defendant.**

(1)    **Appeals Permitted.**  A defendant may appeal

(A) - (C)    [No Change]

(D) orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both, or orders denying relief under Florida Rule of Criminal Procedure 3.800(a), 3.801, 3.850, 3.851, or 3.853;

(E) - (G)    [No Change]

(2) - (4)    [No Change]

**(c) Appeals by the State.**

(1)    **Appeals Permitted.**  The state may appeal an order

(A) - (I)    [No Change]

(J) granting relief under Florida Rule of Criminal Procedure 3.801, 3.850, 3.851, or 3.853;

(K) - (P)    [No Change]

(2) - (3)    [No Change]

**(d) - (i)**    [No Change]

**RULE 9.141.    REVIEW PROCEEDINGS IN COLLATERAL OR POST-CONVICTION CRIMINAL CASES**

**(a)**    [No Change]

**(b)     Appeals from Post-Conviction Proceedings Under Florida Rule of Criminal Procedure 3.800(a), 3.801, 3.850, or 3.853.**

(1)     [No Change]

(2)     **Summary Grant or Denial of Motion Without Evidentiary Hearing.**

(A)     When a motion for post-conviction relief under rule 3.800(a), 3.801, 3.850, or 3.853 is granted or denied without an evidentiary hearing, the clerk of the lower tribunal shall transmit to the court, as the record, copies of the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal.

(B) – (D)     [No Change]

(3)     **Grant or Denial of Motion after Evidentiary Hearing.**

**(A)     Transcription**.  In the absence of designations to the court reporter, the notice of appeal filed by an indigent pro se litigant in a rule 3.801, 3.850, or 3.853 appeal after an evidentiary hearing shall serve as the designation to the court reporter for the transcript of the evidentiary hearing. Within 5 days of receipt of the notice of appeal, the clerk of the lower tribunal shall request the appropriate court reporter to transcribe the evidentiary hearing and shall send the court reporter a copy of the notice, the date of the hearing to be transcribed, the name of the judge, and a copy of this rule.

**(B)     Record**.

(i) When a motion for post-conviction relief under rule 3.801, 3.850, or 3.853 is granted or denied after an evidentiary hearing, the clerk of the lower tribunal shall index, paginate, and transmit to the court as the record, within 50 days of the filing of the notice of appeal, copies of the notice of appeal, motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, as well as the original transcript of the evidentiary hearing.

(ii) – (iii)     [No Change]

**(C)**    [No Change]

**(c) - (d)**    [No Change]